## NEW YORK SHIPBUILDING COMPANY, PROSECUTOR, v. BENJAMIN BUCHANAN AND CAMDEN COUNTY COURT OF COMMON PLEAS.

Submitted March 20, 1913—Decided June 3, 1913.

Under Workmen's Compensation act of 1911 (*Pamph. L., p.* 134) a direction of the Common Pleas that the weekly payments be commuted to a lump sum pursuant to paragraph 21 of the act, should be based on specific findings of fact supported by legal evidence.

On *certiorari* to determination of Camden Pleas in a case arising under the Workmen's Compensation act of 1911.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the prosecutor, *Gaskill & Gaskill.*

For the defendants, *William C. French.*

The opinion of the court was delivered by

PARKER, J. The employer admitted liability and conceded the claims of petitioner for a weekly payment of $7.91 to run for four hundred weeks. The controversy below was on the question whether there should be a commutation of this into a lump sum, pursuant to paragraph 21 of the act. *Pamph. L.* 1911, *p.* 143.

We find nothing in the case to justify the award of a lump sum. The statute says that the commutation may be ordered, "provided the same be in the interest of justice. Unless so approved, no compensation payments shall be commuted." The amendment of 1913 to this section (chapter 174), which may be regarded to some extent as a legislative interpretation of the original section, declares that "commutation is a departure from the normal method of payment, and is to be allowed only when it clearly appears that some unusual circumstances warrant such departure."

The determination of the judge states no reason whatever for commuting the payments, except his own opinion that they should be commuted. If we look at the evidence—a course which would seem to be irregular where there is no specific finding of fact to support—we find simply a claim of petitioner's attorney quite unsupported by any actual testimony, and indeed contradicted by what testimony was given, that petitioner would have a chance of improvement in health by an immediate expenditure of a considerable sum. His counsel stated that certain physicians who could be produced would testify to the need for such expenditure; but they were not called, and so no such testimony was given.

Paragraph 20 of the act requires the "determination" of the trial judge to be filed in writing, and that there shall be contained in this determination (or in the judgment entered thereon, according as we construe the statute) "a statement of facts as determined by the trial judge." Clearly, it is intended that the judgment in every phase shall be supported by a specific finding of fact which may be submitted to and considered by a court of review. Accordingly, a general finding that petitioner was permanently injured, without stating the nature of the injury, was held insufficient. *Long* v. *Bergen County Common Pleas, ante p.* 117. So, also, was the award of a lump sum by way of commutation without stating the amount of weekly payment and number of weeks as a basis therefor. *Ibid.* In the same case a ruling on the question whether facts to support the exercise of the court's discretion in commuting to a lump sum, should be stated in the determination or judgment, was reserved as not essential to the decision. That question is now fairly before us, and we are clearly of opinion that such a statement of facts should be contained in the written findings of the Common Pleas. No such facts being stated in the case at bar, the award of a lump sum is without legal support. The judgment will be reversed and the record remitted to the Common Pleas for an ascertainment by said court, based on facts found from legal evidence, of the propriety or otherwise of commuting the weekly payments to a lump sum.

No costs should be allowed.