LENA DUNNEWALD, ADMINISTRATRIX OF THEODORE DUNNEWALD, DECEASED, PETITIONER AND APPELLANT, v. HENRY STEERS, INCORPORATED, DEFENDANT AND RESPONDENT.

Argued June 3, 1916—Decided November 20, 1916.

1. To warrant a recovery under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302) from an employer for the death of an employe, it must appear, among other things, that the employe's death was caused by (*a*) an accident, (*b*) arising out of, and (*c*) in the course of, his employment, and all these essential facts must be found by the trial judge, and must be contained in his written determination.

2. Upon the review of a judgment against the employer for the death of an employe under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302), when it appears that there has been no finding by the trial judge that the death was by accident, nor that it arose out of, and in the course of, his employment, the Supreme Court should send the case back for a new trial and proper determination of facts, either upon the evidence already taken, or upon such as the parties see fit to put in.

On appeal from the Supreme Court, whose opinion is reported in 85 *N. J. L.* 449.

For the appellant, *Samuel Besson.*

For the respondent, *Lindabury, Depue & Faulks* (*John W. Bishop, Jr.,* and *Kinsley Twining* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is a proceeding under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302) brought before a judge of the Hudson Common Pleas Court to recover compensation for the death of petitioner's husband.

The learned trial judge rendered judgment for the petitioner and against the decedent's employer, and that judgment was reversed in the Supreme Court. 85 *N. J. L.* 449.

We are of the opinion that the judgment of the Supreme Court now here for review must be affirmed, but not for the reasons given in that court.

To warrant a judgment for the petitioner it must appear, among other things, that the employe's death was caused by (*a*) an accident, (*b*) arising out of, and (*c*) in the course of, his employment (*Bryant* v. *Fissel,* 84 *N. J. L.* 72), and all these essential facts must be found by the trial judge, and must be contained in his written determination, because paragraph 20 of section 2 (*Pamph. L.* 1913, *p.* 308) requires that the determination of the trial judge shall be filed in writing, and shall contain a statement of the facts as determined by the judge. The proceeding in question is not one according to the course of the common law. The judge acts, or professes to act, not upon common law principles, but rather, as directed by the statute (section 2, paragraph 20), proceeds, at the time fixed for hearing, to hear such witnesses as may be presented by each party, and in a *summary manner* decides the merits of the controversy.

Now, in the present case, there was no finding by the judge that the death of the decedent was by accident, nor that it arose out of, and in the course of, his employment. This the Supreme Court recognized, but, nevertheless, proceeded to examine the evidence returned for the purpose of determining whether it would have been possible for the trial judge to find therefrom the facts necessary to support the judgment. From such examination the Supreme Court concluded that while the trial judge might properly have inferred that decedent came to his death by accident, and, possibly, that it arose in the course of his employment, yet the evidence would not have justified a finding that the accident arose out of the employment.

With the soundness of that conclusion of the Supreme Court we are not now concerned, and respecting it we express

no opinion. We think the Supreme Court should not have entered upon that investigation. When it appeared that there had been no finding respecting these essential facts by the trial judge, the Supreme Court should have sent the case back for a new trial and proper determination of facts, either upon the present evidence or upon such as the parties see fit to put in. The reason why such a course should have been adopted appears from a consideration of the proper function of the Supreme Court upon review of such a proceeding. The right to review is limited to questions of law. *Bannister Company* v. *Kriger,* 84 *N. J. L.* 30. The evidence in the trial court which was sent up is no substitute for the finding of facts as required by the statute. Of course, such evidence is properly sent up if a finding of fact is challenged as without any evidence to support it. But the evidence alone, without the finding of facts, is not sufficient for the purpose of review, because the reviewing court cannot know what credit the trial judge gave to the several witnesses, and which of two possible but conflicting inferences he drew from the testimony. *Long* v. *Bergen County Common Pleas, Id.* 117; *New York Shipbuilding Co.* v. *Buchanan, Id.* 543. Those are functions of the trial judge, and his findings of facts, if there be legal evidence to warrant them, are accepted by the reviewing court. *Bryant* v. *Fissel, supra.*

The judgment of the Supreme Court reversing the judgment of the Common Pleas Court will be affirmed, to the end that there may be a new trial and proper determination of facts, either upon the present evidence or upon such as the parties see fit to put in.

No costs will be allowed in this court.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Trenchard, Parker, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, JJ. 12.

*For reversal*—None.