CHARLES PRICE, BY HIS NEXT FRIEND, RESPONDENT, v. NEW YORK CENTRAL RAILROAD COMPANY, APPELLANT.

Argued June 25, 1918—Decided November 18, 1918.

1. Plaintiff was employed as a fireman on one of defendant's locomotive engines; he was found in the engine cab in a standing position, about to collapse, with an abrasion on his head; was taken to a hospital and shortly became permanently insane. There was no proof of what caused the injury. A suit was brought on his behalf, and on the trial proof was made, in addition to the foregoing, that another engine passed that on which plaintiff was employed, which carried an iron poker extending four inches at one end, into the clearance space between the two engines, which was two feet eight inches, and that there were no other projections within the clearance space which could have come in contact with plaintiff. With these circum-

stances proven a motion by defendant for a favorable direction was refused. On appeal the plaintiff urged that the jury might presume that the poker had so changed its location as to come into position to strike plaintiff, because unless plaintiff was struck by the poker there would have been no accident. *Held*, that there being no proof that the poker had changed its position, or of the fact that plaintiff came in contact with it, the jury could not presume that a change in position of the poker had occurred, and upon that presumption, presume plaintiff came in contact with it.

2. To recover for injuries resulting from a negligent act of a party, based upon circumstantial evidence, it must show, not a possibility only but a probability that the injury resulted from defendant's negligence.

3. To be allowable, the presumption of a fact must be the immediate inference to be drawn from facts proven.

On appeal from the Hudson County Circuit Court.

For the respondent, *Alexander Simpson.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was a fireman in the service of the defendant on a locomotive engine, and brought this suit to recover for alleged injuries while engaged in interstate commerce, the right of action being based on the provisions of the Federal Employers' Liability statute. The defendant's negligence upon which its liability is charged in plaintiff's complaint, is the careless placing of an iron bar upon another locomotive in such a position that, in passing the one on which plaintiff was working, it struck him and injured his head. No other cause for the injury is alleged. The plaintiff recovered a judgment for $30,000, the result of the injury being insanity. The defendant moved for a nonsuit and for a direction in its favor, the refusal to grant either being the ground of this appeal.

The material facts are not in dispute, and they are that no express proof was made of the manner in which the

plaintiff was injured, if he was; that a passing engine had on it an iron poker, one end of which projected towards the engine on which plaintiff was employed, between three and four inches; that a short time before the two passed, the plaintiff was apparently in sound condition, and that shortly after, as the engineer was bringing the train to a stop at the station, he noticed that plaintiff was acting as if he was dazed, and then helped him to the ground; that plaintiff was taken to a hospital, and shortly after insanity developed, which continued up to the trial. There was evidence from which a jury might infer that plaintiff had suffered some injury to his head, but none showing the cause; that the clearance between the two engines was two feet nine inches; that if plaintiff sat on the seat box with his head outside of the engine watching for signals, his head would be about fifteen inches above the end of the poker in the position it was, according to the uncontradicted proof, and nine and one-half inches above if it was extended to cover the entire clearance; that there were no permanent or transient projections between the tracks from the point where the plaintiff called the last signal, and the station where he was found in a dazed condition.

The plaintiff admits that his proof of the defendant's negligence, as set out in his complaint, is circumstantial, there being no eye-witness of the accident, but claims that the circumstances proven justified a finding of negligence on defendant's part.

The only question presented on this record is whether the proven circumstances show, not a possibility but a probability that plaintiff's head came in contact with the iron poker. *Suburban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658; *Austin* v. *Penn. R. R. Co.,* 82 *Id.* 416. That the collision was not probable if the projection was only four inches over the clearance and nine inches below the head of plaintiff when in the normal position required for the performance of his duty, seems to be beyond question, and this plaintiff undertakes to meet by the argument that there is a question how

far the iron rod projected. This is faulty because the only proof in the case is that it projected at most only four inches. Plaintiff also argues that if he was not struck by the bar the accident would have been impossible. This is an assumption and not a circumstance, for the plaintiff might have had his head injured in some other way. In view of plaintiff's subsequent mental condition, we cannot disregard the possibility that he might have fallen against something on the engine, and produced the injury by some other means than that charged in the complaint, for the exclusion of some causes will not exclude all others. Of the cases cited by the plaintiff, upon the effect of circumstantial evidence, all that are pertinent relate to cases where the agency producing the injury was not in dispute, such as a fire alleged to have been communicated by the defendant's locomotive, where the agency creating the injury was proven, and the circumstantial evidence related to defendant's act of communication. There being proof of the fire, and that defendant's locomotive passed the place within a reasonable time before the fire occurred, a probability that it communicated the fire may be inferred by a jury. This is not such a case, for here the agency is in doubt, the only material circumstance proved being that plaintiff was on defendant's engine; that it passed another engine which carried an iron poker projecting four inches, and that some time after plaintiff was found standing in the cab of the engine, about to collapse, with an abrasion on his head, the negligence of the defendant charged being the careless carrying of the rod, without any proof to sustain it beyond an inference to be drawn from plaintiff's injury. With these circumstances we are asked to presume, without proof thereof, that the rod may have changed its position from one of safety to one of danger to the plaintiff, and upon this presumption to further presume that it did in fact strike him, which is not allowable. "The only presumptions of fact which the law recognizes are immediate inferences from the facts proved." *Manning* v. *John Hancock Mutual Life Ins. Co.,* 100 *U. S.* 693.

At the conclusion of the testimony the defendant moved for a direction of a verdict in its favor, upon the ground that plaintiff had failed to prove the negligence charged against defendant. We are of opinion this motion should have been allowed, and that its refusal requires a reversal of the judgment under review, and it is so ordered, with a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 10.