CLARA G. SODEN, PETITIONER-PROSECUTOR, v. PUBLIC
SERVICE TRANSPORTATION COMPANY, A CORPORA-
TION, RESPONDENT-DEFENDANT.

Submitted May 14, 1926—Decided September 30, 1926.

**Workmen's Compensation—Employe Being Conveyed to His Em-
ployment According to Custom, in the Care of His Employer,
was Killed While the Car was Being Driven Out of Its Ac-
customed Course—Claimed That the Accident Did Not Hap-
pen During Course of Employment—Held, That There was
No Evidence to Show That Deceased Employe Participated
Actively in the Unauthorized and Unnecessary Detour, That
He was Simply Being Conveyed in Employer's Car by
a Fellow-Employe, and That Accident Did Occur During the
Employment.**

On *certiorari* to the Middlesex Pleas, which reversed the
finding of the commissioner for claimant in a workmen's
compensation case.

Before Justices PARKER, BLACK and CAMPBELL.

For the petitioner-prosecutor, *Joseph H. Edgar.*

For the respondent-defendant, *James O. Boyd.*

PER CURIAM.

The plaintiff's intestate, Raymond Soden, was one of four
drivers of public service buses who were required to report
to the night station master, named Guyer, shortly before six
in the morning for duty, and were then put into a touring
car driven by another employe, named Moller, to be taken
to the garage, where they were themselves to take charge of
their several buses and start out at their scheduled times.
On the morning in question the men were assembled and
the touring car started for the garage. It never arrived there
to discharge its passengers. Some one in the party seems to
have suggested that there was time enough to go on beyond

the garage, cross the railroad tracks, and go a mile or so further to look at the scene of an accident that had occurred the day before, so the car, under charge of Moller, went on to the place of the accident, turned around and was crossing the railroad tracks on its return when it was struck by a train and all the occupants, with the exception of a man named Clark, and including Soden, were killed.

Several defenses were made, including one that Soden's employment had not begun because his time had not begun to run, but the commissioner properly brushed this aside. The real point of the case was whether, under the circumstances, the accident was one arising out of and in the course of the employment. If the widow of Moller were suing in this case, it might be proper to hold that the divergence from his course for a purely private errand would bar the claim. That, of course, is not before us. When we come to the passive occupants of the car, the question arises whether they are also barred because without their participation and, perhaps, against their protest, a fellow-servant undertook to take them somewhere not contemplated in the employment. The commissioner was justified, on the testimony of Clark, in finding that Soden, at least, had nothing to do with the deviation, though he was riding on the front seat with Moller. Clark said, in effect, that "someone in front" suggested going there; that he, Clark, said it would be no use because the thing had all been cleared up, but that Moller went on, and no one else said anything. We do not think that this misconduct of a fellow-servant should bar the petitioner as a deviation.

. As the commissioner was entitled to find, Moller wished to go see the accident; he was entrusted with the driving of the car, and it was not for the others except in an extreme case to interfere with him for fear of themselves bringing on an accident.

Our conclusion is that the judgment of the Pleas should be reversed and the award of the commissioner affirmed.