NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARGARETTA GRIESBACH, PETITIONER, v. ADAM BLACK & SONS, RESPONDENT.

For the petitioner, *Abraham H. Gottlieb.*

For the respondent, *Harley, Cox & Walburg.*

\*      \*      \*      \*      \*      \*      \*

1. The petition alleges that the petitioner's decedent, on February 15th, 1930, at ten A. M., was struck on the right foot by a plank, and that he died on April 7th, 1930. The petitioner who is the widow and only dependent in this case, testified that her husband had worked for five or six years as a wheelright for Adam Black and Sons, the respondent,

losing very little time from his work, and that he appeared to be in good health. She testified that about a quarter of one, on Saturday, October 15th, when he came home, he limped and that his foot was all black and blue. She bathed his foot with hot water and salts, and he stayed home a few days and then went to bed. A physician was called on February 21st, the physician being Dr. William Pindar. Dr. Pindar treated the deceased until April 7th, when death occurred. The widow did not have any conversation with the respondent, relative to the alleged accident or death.

The petitioner produced as a witness, Gladys Lutz, a daughter of the deceased, who testified, as she came home Saturday noon, February 15th, she saw her father get out of a street car, and he was limping. She did not say anything to her father, nor did she go home with him, although she herself was going to her father's for lunch, and did go to her father's for lunch. She testified, the following noon she called the respondent on the telephone, but there was no one there except the girl that answered the telephone, and that there was no one around the respondent's plant. She testified that on the day her father died, she saw William Black at the respondent's place of business, and said her father passed away this morning. She testified further, that William Black said, "I am sorry to hear it," and that was all that was said.

The petitioner produced Dr. William Pindar, who is the only doctor involved in this case. Dr. Pindar testified that he was called to the home of the deceased on February 21st. On his first examination he found that all the toes were black and that there was gangrene running above the ankle, and that the foot and leg above the ankle was shedding skin. In answer to counsel's question as to history, Dr. Pindar said, that the deceased told him he had met with an accident and hurt his foot, but did not say anything about the nature of the accident, nor where the accident happened. Dr. Pindar further testified, that the deceased made no other statement. Dr. Pindar further went on to say, that on his second examination of the deceased, made the following day, after a patho-

logical examination had been made, that he was of the opinion, that the sole cause of the condition was diabetes melitus and diabetic gangrene, as a result of gradual circulatory changes at the extremity, and that in signing the death certificate, he gave as the cause of death, diabetes melitus, with no contributory cause.

The burden of proof is upon the petitioner to sustain the allegations set forth in the petition in accordance with the decisions of our upper courts. *Bryant* v. *Fissel,* 84 *N. J. L.* 72; *Dunnewald* v. *Steers,* 89 *Id.* 601; 99 *Atl. Rep.* 345. The proof adduced by the petitioner to sustain this burden must be competent evidence and must be such evidence, that the inferences drawn therefrom are probabilities and not possibilities. *Reimer* v. *Proctor Publishing Co.,* 85 *Id.* 441; 89 *Atl. Rep.* 931, and *Price* v. *New York Central,* 92 *N. J. L.* 429; 105 *Atl. Rep.* 187; *Carlson* v. *Rosenfeld,* 5 *N. J. Mis. R.* 416; 137 *Atl. Rep.* 95; *LeGrand* v. *Hubbard & Lange,* 8 *N. J. Mis. R.* 470.

I find from the testimony adduced in this case, that the petitioner has not sustained the burden of proof that death of the deceased was caused by an accident arising out of and in the course of his employment with the respondent, and I further find that the petitioner has not produced any competent evidence from which the court could infer properly, that the deceased sustained an accident arising out of and in the course of his employment..

\*  \*  \*  \*  \*  \*  \*

CHARLES E. CORBIN,
*Deputy Commissioner.*