MICHAEL GIANFRANCISCO, PETITIONER, DEFENDANT IN CERTIORARI, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A NEW JERSEY CORPORATION, RESPONDENT, PROSECUTOR IN CERTIORARI.

Submitted October 14, 1932—Decided January 17, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Elmer W. Romine.*

For the petitioner-defendant, *Frank B. Bozza.*

PER CURIAM.

For the purpose of our present decision it is necessary to consider only the fourth and fifth reasons filed by the prosecutor in *certiorari*, which are as follows:

"4. Because the determination and judgment of the workmen's compensation bureau did not state upon what evidence the finding was predicated.

"5. Because the finding of facts and judgment of the workmen's compensation bureau does not state in detail the character and extent of the injury or disability which the petitioner had or suffered, but merely states the deputy commissioner's conclusions so much so that the judgment is not supported by a specific finding of fact."

The "determination of facts and rule for judgment" in this case, after stating the usual particulars essential to jurisdiction, finds merely that on June 18th, 1929, petitioner met

with an accident arising out of and during the course of employment, that the employer had notice of the accident; the amount of wages that petitioner was then earning; that petitioner suffered temporary disability for a little over seventy-eight weeks, for which compensation had been paid; that petitioner suffered a permanent disability amounting to twenty per cent. of total disability, or one hundred weeks at $18.67 per week; that part of this had already been paid; that petitioner had incurred certain expenses for expert witnesses, attorney's fees, &c. This determination is not such as to enable us intelligently to review the award. The case comes before us on a writ of *certiorari* directly to the bureau out of this court pursuant to chapter 388 of the laws of 1931 (*Pamph. L., p.* 1217, since repealed, see *Pamph. L.* 1932, *p.* 38), and apart from the point presently to be noticed, the review is merely on questions of fact. We have therefore nothing to assist us in the way of specific findings by the deputy commissioner in determining whether or not the petitioner was injured to the extent stated in the determination, and what is more important, no specific findings of fact on which we may ourselves determine whether, if those facts were properly found, the award was a legally proper one.

. The method of trial in review of these compensation claims has several times been changed by legislation. At the outset there was no compensation bureau and the claims for workmen's compensation were tried in the first instance by the Court of Common Pleas, subject to the right of this court to review questions of law (and at that time of law only) by *certiorari.* At a later date, by the statute of 1918 (*Pamph. L., p.* 429), the workmen's compensation bureau was created and endowed with the same jurisdiction that the Court of Common Pleas had had (section 10) and by section 19 an appeal to the Court of Common Pleas was provided, which was to be a trial *de novo,* so that the evidence was taken all over again in that court. In 1921 the provision for a trial *de novo* was eliminated and it was provided that the hearing of the appeal in the Court of Common Pleas should be based on a certified transcript of the testimony taken before the deputy commis-

sioner. *Pamph. L., ch.* 229 *p.* 734. Finally in 1931 the legislature enacted that the only review of the finding of the workmen's compensation bureau should be by way of *certiorari* issued out of this court, under which, as we understand it, this court, either by reason of the general language of the *Certiorari* act or the language of the Compensation act, or both, is to review questions of fact as well as of law.

Under section 20 of the original act of 1911 (*Pamph. L., p.* 143) it was provided that the determination by the Common Pleas should be in writing and should contain a statement of facts as determined by the judge. In proceedings to review certain determinations it was definitely held that this statement of facts should be specific as to the nature and extent of the injury, so that the reviewing court may be enabled to judge of the propriety of the award as supported by the facts found. *Long* v. *Bergen County Common Pleas,* 84 *N. J. L.* 117; 86 *Atl. Rep.* 529; *New York Shipbuilding Co.* v. *Buchanan,* 84 *N. J. L.* 543; 87 *Atl. Rep.* 86; *Diskon* v. *Bubb,* 88 *N. J. L.* 513; 96 *Atl. Rep.* 660; *Dunnewald* v. *Henry Steers, Inc.,* 89 *N. J. L.* 601, 603; 99 *Atl. Rep.* 345, in the Court of Erors and Appeals. So far as appears by the cases that have come before us in the last few years, the practice of making a specific finding of facts with regard to the nature and extent of the injury, except in cases of death, has to our recollection been consistently followed even though it may be that the clause quoted from the act of 1911 may not have been in the later legislation changing the tribunals and the appeal. However, it is to be noted that by section 10 of the act of 1918 it is enacted that "the procedure for the determination of claims by said bureau, except as herein otherwise provided, shall be conducted in the manner provided by the act to which this is a supplement, and its supplements and amendments;" and this general provision seems to be adequate as continuing the previous practice of filing a specific determination of facts. This section 10 was amended by the act of 1921, *supra,* but not in any particular material to the present case.

The line of cases, of which Long *v.* Bergen Common Pleas

was the first, has remained as authority on this point without modification or adverse comment so far as we are aware. They are cited in the brief for the prosecutor in making the point now under discussion and we do not observe any reply in the brief for the defendant.

The practical importance of the rule is illustrated by the case now before us. The evidence consists of the testimony of the petitioner himself, necessarily interested in the award, and the testimony of several experts on his side, and several on the other, who disagree on several fundamental points, it being claimed for the present prosecutor that the petitioner was suffering rather from a hysterical imaginary disability than a real physical one, and that what he really needs is to go to work and forget about his former injury. In consideration of this conflict of testimony, we are in no way aided by any findings of the deputy commissioner; and we deem it essential that to enable this court to do justice in the premises; it should have the specific findings of the commissioner before it and not be relegated, in the first instance, to a reading of all the testimony, important and unimportant, which would result merely in this court, in effect, making its own finding in the first instance unaided by any views of the deputy commissioner, except his general finding that there should be an award and that the disability amounted to a certain percentage.

It might be further noted in connection with this matter that the commissioner himself required several months to reach any decision at all and this possibly may have been due to the fact that he was himself in some doubt.

We conclude that the matter is not before us in such shape as to enable us to reach a definite determination whether the finding below should be in the last event affirmed or set aside. We are clear, however, that the award now before us should be set aside and the record remitted to the bureau to the end that the commissioner make the specific finding which we think is required of him. Such will be the order.

We are not unmindful of the fact that in the case of *Dreyfus* v. *Lutz Co.,* 6 *N. J. Mis. R.* 608; 142 *Atl. Rep.* 433;

affirmed by the Court of Errors and Appeals in 106 *N. J. L.* 566; 146 *Atl. Rep.* 913, it was held that the determination of the Court of Common Pleas under the act of 1918 on appeal need not be specific. That, however, was because the jurisdiction of the Court of Common Pleas at that time was appellate and not original as at first. The present case is not a review of the Court of Common Pleas after an appeal to that court, but a direct review of the court of first instance, so that in our estimation the decision just cited is not in point.