HARRISON FONTAINE, PETITIONER-DEFENDANT IN CER-
   TIORARI, v. UNITED ENGINEERS AND CONSTRUC-
   TORS, INCORPORATED, RESPONDENT-PROSECUTOR IN
   CERTIORARI.

Submitted October term, 1933—Decided February 7, 1934.

Before Justices CASE, BODINE and DONGES.

For the respondent-prosecutor in *certiorari*, *Henry H. Fryling* (*Elmer W. Romine*, of counsel).

For the petitioner-defendant in *certiorari*, *Arthur A. Melnik* (*Meyer C. Ellenstein*, of counsel).

The opinion of the court was delivered by

CASE, J.   Harrison Fontaine petitioned for, and was granted, compensation from his employer, United Engineers and Constructors, Incorporated, under the provisions of the Workmen's Compensation act. *Pamph. L.* 1911, *ch.* 95, *p.* 134; *Cum. Supp. Comp. Stat.*, § **236-1, *et seq.* The award carried allowances for both temporary and permanent disability. The fact of the employment, the details of the accident and the question of temporary disability are not in dispute. The controversy is upon the amount of the award for permanent disability. The employer appealed from the determination of the workmen's compensation bureau to the Essex Common Pleas and, that court having affirmed, now brings up the record by writ of *certiorari*.

On August 13th, 1930, Fontaine was engaged in the construction of a manhole and was injured while working therein at a depth of from seven to nine feet by a rock that fell from the edge of the manhole and struck him a glancing blow on

the back. There was a temporary disability for a period of fifty and five-sevenths weeks, for which the injured man was compensated even before the order of the workmen's compensation bureau fixing that allowance was made.

Prosecutor's first point is that the award and judgment in favor of the petitioner is against the weight of evidence and is unsupported by any legal evidence. But the answer submitted by the employer in response to the petition filed with the bureau admitted that there was a two per cent. permanent disability. This established the fact of permanent disability. The extent will be presently considered.

Prosecutor presents as its second point that "the original award and judgment and as affirmed by the Essex County Court of Common Pleas is illegal and void." We understand this to be a charge that the determination by the commissioner was illegal and that this illegality was not cured by the affirmance in the Common Pleas; and from the context we gather that the illegality laid against the original determination is that it did not set forth the facts upon which it was founded. *Gianfrancisco* v. *Public Service Co-ordinated Transport,* 11 *N. J. Mis. R.* 219; 165 *Atl. Rep.* 419, and other cases being cited in support. With this we do not agree. Bearing in mind that the only issue was that of the nature and extent of the permanent liability, we note that the commissioner summarized the medical testimony of both petitioner and respondent on that point, that he announced the factual finding reached by him from the study of that testimony and that he particularized the nature and extent of the permanent disability and determined the relationship of the accident to those conditions. He further, briefly but sufficiently, gave the reasoning upon which the result was reached; and he followed this, in logical sequence, with eight numbered paragraphs succinctly setting forth the findings and leading up to the formal order with which the document concludes. While the factual finding was not elaborated, we consider that it was adequate, particularly in the light of the commissioner's observations shown by the certified transcript to have been made when the case was submitted.

Counsel comments upon the fact that the commissioner, immediately at the close of the hearing, expressed oral dissatisfaction with the proofs but nevertheless subsequently decided the case without obtaining further testimony. Counsel does not point out legal error in this and we discover none.

Counsel also finds fault with the absence, from the order of the Common Pleas, of a detailed finding of the facts upon which the judgment rested. But the cases cited by him relate to a period when that court had original jurisdiction of this class of cases. The present procedure involves chapter 25 (*Pamph. L.* 1932), whereby the original determination by the commissioner goes, with the transcript, to the Court of Common Pleas on appeal, and is within the reasoning of *Dreyfus* v. *Lutz Co.*, 6 *N. J. Mis. R.* 608; 142 *Atl. Rep.* 433.

Prosecutor presents as its third point that "the award and judgment is excessive." There was competent testimony to sustain every finding of fact made by the commissioner. To say that there was testimony *contra* is merely to say that there was a litigated issue. The respondent's contention, in short, was that the petitioner's crippled condition is due to the progressive development of an arthritis that existed before the accident. As against this was the insistment that whatever the underlying condition, whether of arthritis or hypertrophic changes in the spine, the petitioner was, until and at the time of the accident, a robust, active man, uncrippled and in apparently good physical condition, doing, without pain or bodily hindrance, the arduous work of a day laborer and that the accident, without which the concealed ailment might never have lighted up, was the precipitating cause of his present condition. The fact was resolved against the respondent, and for this there was support in the proofs. As to the extent of disability the testimony, again, is widely divergent. Of the petitioner's medical witnesses, one testified that the permanent disability, measured in percentages, was seventy-five to eighty per cent.; another, that the vocational disability of the petitioner as a laborer was ninety to ninety-five per cent., that he was "useless;" and another, that he was "totally disabled for his laboring work," that the dis-

ability was "a hundred per cent. for industrial occupations." The commissioner found that the disability suffered by reason of the accident was equivalent to seventy-five per cent. total and permanent disability. Likewise, the Common Pleas Court. Thus, two separate and distinct tribunals have considered the evidence and reached the same result. We have examined the testimony and conclude that the findings of fact are grounded in competent evidence; and we think that those findings should not be disturbed.

The fourth point is that "the award and judgment in favor of petitioner was made on the theory of aggravation which was not pleaded." But whether the principle on which the award was made was or was not pleaded, it was thoroughly controverted and tried out in the case. Moreover, it was plainly stated by the commissioner at the close of the testimony while there was yet time for the respondent, if it was surprised, to say so and to make application for opportunity to meet the issue. There was no such presentation.

Finally, it is said that the award and judgment in favor of petitioner should be set aside and reversed, and the reason alleged in support of the point is that it is incumbent upon the petitioner to prove his claim by a fair preponderance of credible testimony and that he did not do. We need only repeat that in our opinion the proofs sustain the findings made thereon by the two lower tribunals.

The judgment below will be affirmed, with costs.