MONMOUTH COUNTY COURT OF COMMON PLEAS.

HARRY COLE, APPELLANT, v. BOROUGH OF KEANSBURG, APPELLEE.

Decided November 27, 1939.

For the petitioner-appellant, *Quinn, Parsons & Doremus* (*Theodore J. Labrecque* and *Theodore D. Parsons,* of counsel).

For the respondent-appellee, *Coult, Satz, Tomlinson & Morse* (*Edward E. Kuebler,* of counsel).

GIORDANO, C. P. J. This is an appeal from the judgment of the Workmen's Compensation Bureau denying the appellant, Harry Cole, compensation. The question to be answered is whether or not the injuries sustained by the appellant arose out of and in the course of his employment with the borough of Keansburg, the appellee. It is undisputed that the appellant has been employed some time prior to April 8th, 1932, by the borough of Keansburg in the street department. It is also undisputed that one Ralph Williams was borough superintendent. The evidence further discloses that some time subsequent to the date of appellant's employment he was transferred to the sewer department of said borough as helper upon a truck operated by one Milo Schumacher for said borough.

The appellant, Harry Cole, and Milo Schumacher were subordinant to and under the direct supervision and control of the Ralph Williams, borough superintendent. The duties for which Schumacher and Cole were engaged were of a

routine and specified nature. The daily routine of the appellant's employment was upon arriving at work in the morning to proceed to the sewage disposal plant in the borough of Keansburg and there load a truck with cans containing sediment. These cans were to be taken to either one of two farms in the vicinity where the sludge was to be dumped. After the sludge had been disposed of, the empty cans were to be returned to the sewage disposal plant and the appellant and Schumacher would go out along the sewer line and clean it out.

On the day in question, namely, April 8th, 1932, the proofs show that the trucks were loaded with cans containing waste material; it was driven to the farm of one Steve McMahon in East Keansburg, which was one of the farms in the vicinity where the sludge was to be dumped. The sludge was dumped on the McMahon farm but instead of placing the empty cans back on the truck and following the daily routine, a load of sod belonging to McMahon was placed on the truck for transportation to the cemetery plot owned by McMahon. There is no proof before me that Williams or any one else in authority gave special instructions on the day in question to deviate from the daily routine laid down.

Cole contends strenuously that he did not know why the sod was loaded upon the truck, although he assisted in so doing. This he could have and should have refused to do because he had no instructions to do otherwise than he had heretofore been instructed by his immediate superior, the borough superintendent, to whom he was responsible. He was engaged as a helper on the truck to do certain specific work, and that was to load the truck in the morning with sediment and dump said sediment on either McMahon's farm or the other one as per arrangement and return with the empty cans and finish out his day of labor cleaning sewer lines. The evidence is barren of any special or further instructions left at the plant. The accident occurred on April 8th, 1932, while the truck was returning from the cemetery where the sod had been dumped. The appellant interposes the defense that at the time of the placing of the sod and until he had reached about one-half mile from the McMahon

farm he was not cognizant of their mission and that it was at this point that he was first informed of the fact that the mission in which he was then engaged was not in the performance of the duties of his employment. This may be true, but after receiving this information, the fact remains that he continued to engage in the unloading of the truck and depositing of the sod at the cemetery, and, therefore, became a party to the acts then being performed, and which, from the evidence, is quite clear were outside the scope of appellant's employment. There is no evidence before me that petitioner protested, but instead the evidence clearly shows that he actively undertook to engage in this mission with full knowledge of the facts. The proofs are barren that the respondent had given permission to petitioner or to the driver of the truck, Schumacher, to use the truck for any other purpose but for the furtherance of the employer's business, nor is there any evidence before me that the respondent borough of Keansburg at anytime ever had knowledge that the truck was used for any purpose other than the borough's business, or that it had ever been so used.

If the accident to Cole resulted from his doing something specifically connected with his employment it would certainly arise out of the employment, but the evidence does not so disclose. *Steers, Inc.,* v. *Dunnewald,* 85 *N. J. L.* 449; 89 *Atl. Rep.* 1007; *affirmed,* 89 *N. J. L.* 601; 99 *Atl. Rep.* 345: "An accident arises in the course of employment if the employe is doing what a man so employed may reasonably do within the time during which he is employed and at a place where he may reasonably be during that time."

The facts in this case very clearly indicate otherwise.

The appellant relies upon the case of *Soden* v. *Public Transportation Co.,* 4 *N. J. Mis. R.* 817; 134 *Atl. Rep.* 560, and affirmed by the Court of Errors and Appeals in 103 *N. J. L.* 713; 137 *Atl. Rep.* 437. This case is not analogous to the situation presented here.

The evidence does not substantiate the contention of the appellant that Schumacher was Cole's immediate superior. The mere fact that Schumacher happened to be the driver of the truck and that Cole was a helper on the truck did not

give Schumacher the power or the authority which the appellant endeavors to spell out of the proofs. Both Schumacher and Cole were placed on the truck with equal authority, one to drive the truck and the other as a helper. Both were to load the cans of sediment and both were to dump them and return and do the identical work after this partiular phase of their duties were completed, and that was to clean out sewer lines. There is no evidence that Schumacher was superior in authority to Cole. Williams was clothed with this authority by the borough of Keansburg, and was so designated by the title which he had. Cans full of sediment could not be loaded and unloaded single-handed to begin with and someone had to drive the truck, and it so happened that Schumacher was the one, but that circumstance alone, without any evidence to substantiate anything to the contrary, is not indicative that anyone was superior in position than Williams.

It is my opinion and I do so determine that at the time of the accident the appellant, Henry Cole, was not engaged in the performance of a duty for his employer, nor was he engaged in the performance of any duty that was in any way related to his employment. He had for the time being abandoned his employment and was about his own affairs. The appellant was under no obligation to participate in the unloading of the sod after he had knowledge of the fact that it was being performed for the accommodation of McMahon at the borough's expense, on the borough's time. The appellant was disobeying the specific instructions given to him by his superior, Borough Superintendent Williams, and accordingly appellant deviated from the business which he was hired and directed to pursue. Because of these circumstances I must of necessity find that the relationship of master and servant terminated at the time of the accident; that the accident did not arise in the course of, nor out of the appellee's employment.

The appeal is dismissed.