MONMOUTH COUNTY COURT OF COMMON PLEAS.

ALICE LAWSON, PETITIONER-APPELLEE, v. MR. AND MRS. WILLIAM SAGE, RESPONDENTS-APPELLANTS.

Decided January 21, 1943.

For the petitioner-appellee, *Thomas F. Shebell.*

For the respondent-appellant, *Durand, Ivins & Carton* (by *Robert V. Carton,* of counsel).

GIORDANO, C. P. J. The subject-matter of this appeal is one which emanates from the Employers' Liability Act. The petitioner alleges in her petition that she was employed by the respondents as a domestic servant at a weekly wage of $9.50, together with meals and that while being transported from her place of employment to her home, at 1051 Embury Avenue, Neptune, New Jersey, in respondent's automobile, a collision occurred between respondent's automobile and another car, at the intersection of Comstock Street and Third Avenue, in the City of Asbury Park, New Jersey, and as a result of the collision she received injuries to her head, neck and back; and that as a consequence of said injuries received on July 24th, 1941, she is entitled to workmen's compensation, claiming that the injuries received by her while being so transported arose out of and in the course of her employment.

The point at issue in this appeal is purely one of fact

and the query is: did the accident arise out of and during the course of her employment with the respondents? The result of the hearing in the Workmen's Compensation Bureau was a finding and determination that the petitioner had sustained the injuries complained of; that they arose out of and in the course of her employment, and that she was entitled to a sum for temporary and permanent disability.

The petitioner relies upon her contract of hire, which she alleges was to the effect that in addition to her wages and meals for one-half day's work each day of the week except Thursday, on which day she was to work a full day, that she was to be transported from her home in Neptune to the respondent's home, where her employment was, and that this contract of hire, according to petitioner, was made between the petitioner and Mrs. William Sage, Jr., one of the respondents.

The respondent Mrs. William Sage, Jr., denies having had any conversation with the petitioner concerning her hire, which is in direct contradiction to that which the petitioner alleges. Mrs. Sage admits, however, that after the illness of Mr. William Sage, Jr., which occurred about July 10th, 1941, a faithful and long-time employee, Manson Johnson, was authorized to engage the services of extra help and to make what arrangements he saw fit in the engagement of such extra help. The testimony of Manson Johnson, who acted as a chauffeur, butler and general handy man around the home, is to the effect that he engaged the petitioner's services and not Mrs. Sage, as testified to by the petitioner. Johnson further states in his testimony that he did not at any time promise to transport the petitioner from and to her home and that the matter of transportation was not part of the agreement of hire. The witness, Johnson, frankly admits, however, that he picked the petitioner up at her home on at least two occasions during the two weeks that she was employed, but that his act in doing so was merely one of kindness and because of his friendship for the petitioner.

It is also disclosed by the testimony, and undenied, that on one other occasion when the daughter of the respondents was taking her mother, Mrs. William Sage, Jr., for an

automobile ride, namely on July 24th, 1941, they offered to take petitioner home at the same time, and it was then that the collision occurred and the petitioner was injured.

The petitioner invokes the law as expounded by the court in the case of *Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574; 189 *Atl. Rep.* 662; *affirmed,* 118 *N. J. L.* 533; 193 *Atl. Rep.* 797, and the case of *Gray* v. *Greenwood et al.,* 21 *Atl. Rep.* (*2d*) 601.

The principle of law enunciated in these two cases would be applicable if the facts before me came within their scope. The proofs do not sustain the allegation of the petitioner that there was an expressed contract to provide transportation, and neither do the proofs sustain the theory that transportation had been provided in such a manner so that the duty to furnish transportation had developed into a custom between the parties, or if not the custom, at least into a definite practice between the parties.

The testimony of Rosie Woolridge, by whom the petitioner attempted to corroborate her allegation that it was customary for the respondents, or their agents, to have her transported to and from her employment each day, is not convincing and is of little probative value.

It is the duty of the petitioner-appellee to convince the court by a preponderance of the evidence that the respondents were liable for her injuries under the contract of hire. *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458; *Dunnewald* v. *Steers,* 89 *N. J. L.* 601; 99 *Atl. Rep.* 345.

The proof adduced by the petitioner-appellee to sustain this burden must be competent evidence and must be such evidence that the inferences drawn therefrom are probabilities, not possibilities. *Reimer* v. *Proctor Publishing Co.,* 85 *N. J. L.* 441; 89 *Atl. Rep.* 931; *Price* v. *New York Central,* 92 *N. J. L.* 429; 105 *Atl. Rep.* 187, and *Carlson* v. *Rosenfeld,* 5 *N. J. Mis. R.* 416.

In reading the testimony I find the following significant statement made by the court below:

"The Court: Well, it's a jumbled-up mixture as far as the testimony goes, that is, if you are going to let the testimony confuse you. But maybe we don't have to.

"Of course there is no question here but what there was an accident sustained by this petitioner, an automobile accident on July 24th, 1941. The main question seems to be whether or not this accident arose out of and during the course of the employment. It is sought to be shown by the petitioner that it did, in that the transportation was part of her contract.

"As I say, if you try to analyze all the testimony of these different witnesses, it seems to me that the more we do, the more confused it gets. But the general impression left with me, and which seems to be all that is necessary under the decisions in a civil case, is that the evidence is parole and circumstantial and it favors the petitioner in her tendered hypothesis."

It is the function of the court to weigh the testimony which I have done, and in making my analysis of the proof and giving the evidence all the probative value it is entitled to, the best that can be said is that the evidence is evenly balanced, and, under the law, that being so, I must find that the petitioner has failed in her proof, and I must resolve the dispute in favor of the respondents, and accordingly reverse the decision of the court below.