Passaic County Court of Common Pleas.

GEORGE V. RUTLEDGE, PETITIONER-APPELLEE, v. COUNTY OF PASSAIC, RESPONDENT-APPELLANT.

Decided April 16, 1946.

For the petitioner-appellee, *Isadore Rabinowitz.*

For the respondent-appellant, *Kalisch & Kalisch.*

Delaney, C. P. J. This is an appeal from the Workmen's Compensation Bureau. The finding there was in favor of the petitioner. The facts, briefly, are these: The petitioner, employed by the County of Passaic as a court attendant, while in the performance of his duties, assisted in carrying the clerk of the court (who had become prostrate as the result of some muscular disturbance) to a nearby automobile and thence to a doctor's office. While lifting the stricken clerk into the automobile, the petitioner experienced a severe pain in the right groin. The pain continued, and upon his return to the court house he examined himself and found a protrusion in his groin. The petitioner then made known his disability to the chief clerk of the sheriff's office and went home. That evening the petitioner consulted Dr. Randazzo, who found the petitioner to be suffering from an "aggravation of a pre-

existing hernia." It was developed by the testimony that the petitioner had previously consulted Dr. Randazzo about a complaint in the same area and the doctor had at that time recommended surgery. It was the doctor's opinion that the lifting of the clerk had aggravated a hernia which the petitioner had had for some time.

The petitioner in his petition alleged, in answer to the question in the petition "Give nature of any injury from which you will recover," the answer "Right hernia," and in answer to the question, "Has any permanent injury resulted * * *" answered, "Right hernia."

Three questions are raised by this appeal:

(1) Is the fact that the petitioner alleged a hernia in his petition and at the hearing proved an aggravation of a hernia fatal;

(2) Is an aggravation of a pre-existing hernia compensable;

(3) Did the petitioner prove an aggravation from an accident arising out of and in the course of his employment of a pre-existing hernia?

In answer to the first question, it is pointed out that the respondent was not prejudiced by any variance between the matters set forth in the petition and the proofs offered at the hearing, which was conducted on four different occasions; but whether the award was made in this case on the theory pleaded or proved is not material, for the respondent had ample opportunity to meet any proofs offered by the petitioner. As in the case of *Fontaine* v. *United Engineers and Constructors Inc.*, 12 *N. J. Mis. R.* 220; 170 *Atl. Rep.* 856, the respondent has not been prejudiced by the variance, and in keeping with the spirit of the act such variance is not fatal.

The second question raised, as to whether an aggravation of a hernia is compensable, has been answered in the affirmative by our Court of Errors and Appeals in *Furferi* v. *Pennsylvania Railroad Co.*, 117 *N. J. L.* 508; 189 *Atl. Rep.* 126.

The third question, as to whether the petitioner sustained the burden of proving an aggravation of a pre-existing hernia, is answered by the testimony. The only medical testimony in the case was offered by Dr. Randazzo, the treating phy-

sician, who testified that the occurrence of the lifting of the prostrate clerk resulted in an aggravation of a pre-existing hernia and that an operation was necessary. To aggravate means to make worse or more severe. If the accident did make worse or more severe a condition from which the petitioner was suffering; and such was the proof in this case, the petitioner is entitled to compensation, and we so hold.

The finding of facts and determination and award of the Workmen's Compensation Bureau is affirmed.