135 So.2d 794 (1961)
Lawrence JAGNEAUX
v.
MARQUETTE CASUALTY COMPANY et al.
No. 442.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
*795 H. Garland Pavy, Opelousas, for plaintiff-appellant.
Dubuisson & Dubuisson, by Edward Dubuisson, Opelousas, for defendants-appellees.
Tate & Tate, by Paul Tate, Mamou, for defendants.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This suit was instituted by plaintiff under the workmen's compensation statute of this state for total and permanent disability at the maximum rate of compensation, together with medical expenses. To this suit defendants filed a general denial.
This case was consolidated for trial with the case of Jagneaux v. American Automobile Insurance Company et al., 136 So. 2d 91, decided by us on this date. All of the evidence is found in the record in the case of Jagneaux v. American Automobile Insurance Company et al., supra.
For a cause of action, plaintiff alleged that on the 16th day of November, 1953, he was working for Alfred St. Martin as a carpenter and that said work was hazardous within the meaning of the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 *796 et seq. On November 16, 1953, while acting in the course and scope of his employment for Alfred St. Martin, petitioner was riding in a truck operated by his brother, Conrad Jagneaux. Said truck collided with a train, and as a result of said collision petitioner suffered severe injuries which he described in his petition. Plaintiff alleged further that as a result of said injuries, he is totally and permanently disabled to do similar work to that he was doing before the accident, namely, that of a carpenter.
Plaintiff sued both his employer, Alfred St. Martin, and his employer's insurer, Marquette Casualty Company.
Defendants filed a general denial, and after a hearing on the case, the district judge rejected plaintiff's demands, holding that his remedy was in tort, and dismissed his suit.
From this judgment plaintiff has appealed to this Court.
On the day of the accident, plaintiff and his brother, Conrad Jagneaux, had been working for their employer east of the corporate limits of the City of Eunice. Plaintiff and his brother lived in Lawtell and went back and forth to work in a pickup truck belonging to their employer. Said truck was driven by Conrad Jagneaux. There was no charge to plaintiff and his brother for transportation to and from work. After work on the above date, plaintiff and his brother loaded their tools on the truck and started for home. Conrad Jagneaux, the driver of the truck, told plaintiff that he was going to pick up a clock which had been left in Eunice for repairs. Conrad Jagneaux drove several blocks into the City of Eunice past the place where the clock had been left for repairs, and seeing that no one was home headed back toward Lawtell. At the time of the accident, the driver of the truck, Conrad Jagneaux, was headed toward Lawtell, and it was while he was driving in that direction that the truck collided with a train and plaintiff sustained the injuries complained of in his petition.
The contention of counsel for defendants to avoid liability in the instant case is that plaintiff was not injured in the course and scope of his employment for the reason that when Conrad Jagneaux went into the town of Eunice which was west of where the parties were working instead of going directly to Lawtell, there was a deviation from the course of employment on an individual errand, and at the time of the accident Conrad Jagneaux and plaintiff were not in the course of their employment.
The doctrine of re-entry or temporary deviation is accepted by this and other courts of this State to mean, in a matter such as this, that where the employee who was driving the vehicle provided by the employer for the transportation of himself and other employees, departs from his employment and undertakes a mission of his own, such employee re-enters his employment and the scope thereof after he has completed his private mission and has begun to return to his next duty, or, after such completion, has begun to return the vehicle to the place where it belongs. See Embry v. Reserve Natural Gas Company (Ct.App., 2 Cir., 1929), 12 La.App. 97, 124 So. 572; Goldman v. Yellow Cab Co. (Ct. App., Orleans, 1931), 17 La.App. 450, 134 So. 351; Matheny v. United States Fidelity & Guaranty (La.App., 2 Cir., 1938) 181 So. 647; 14 Tulane Law Review 72.
An employee, being transported home from work as a passenger in employer's vehicle, furnished for that purpose, is not chargeable with a deviation from the direct route home if the deviation was not initiated by him, was not for his benefit, and he had no control over the operation of the vehicle or the determination of the route to be taken. Soden v. Public Service Transportation Company (1926), 4 N.J. Misc.R. 817, 134 A. 560, affirmed in 103 N. J.L. 713, 137 A. 437; Kern v. Southport Mill, Ltd. (1932), 174 La. 432, 141 So. 19; Dobson v. Standard Accident Insurance Co. *797 (1955), 228 La. 837, 84 So.2d 210; Humphreys v. Marquette Casualty Co. (1958), 235 La. 355, 103 So.2d 895; Edwards v. Louisiana Forestry Commission (1952), 221 La. 818, 60 So.2d 449.
After examining the evidence in the case and the cases cited therein, it is the opinion of this Court that while there was a slight deviation from the course of employment by Conrad Jagneaux when he went to Eunice to get the repaired clock, at the time of the accident he was on his way home and that he had re-entered the course of employment. Even if it should be considered for purpose of argument, that there was still a deviation from the direct route home at the time of the accident, plaintiff could not be chargeable with this deviation since it was not initiated by him, was not for his benefit and he had no control over the operation of the vehicle or the determination of the route to be taken. Soden v. Public Service Transportation Company (1926), 134 A. 560, 4 N.J.Misc.R. 817, affirmed in 103 N.J.L. 713, 137 A. 437; Kern v. Southport Mill, Ltd. (1932), 174 La. 432, 141 So. 19; Dobson v. Standard Accident Insurance Co. (1955), 228 La. 837, 84 So.2d 210; Humphreys v. Marquette Casualty Co. (1958), 235 La. 355, 103 So.2d 895; Edwards v. Louisiana Forestry Commission (1952), 221 La. 818, 60 So.2d 449. See also Alexander v. Insurance Co. of the State of Pennsylvania, (Ct.App., 3 Cir., 1961), 131 So.2d 558, where this court held that an insubstantial deviation involving no exposure to a substantially greater hazard than would be occasioned by the direct route does not deprive an employee of the protection of our compensation statute.
Having concluded that plaintiff has a right to sue under the Louisiana Workmen's Compensation Law, this Court will next consider the nature of his injuries and the disability to which he is entitled under the Workmen's Compensation Act.
Shortly after the accident plaintiff was examined by Dr. J. T. Thompson, a physician living in Eunice, Louisiana. Dr. Thompson placed plaintiff in a local hospital and kept him there from November 16th through November 20, 1953, inclusive. Dr. Thompson found that plaintiff suffered multiple contusions of the chest and arms, abrasions of the arms, and a possible sinus injury. Dr. Thompson referred plaintiff to W. C. Littell, a specialist in ear, nose and throat work. Dr. Littell commenced seeing plaintiff on December 8, 1953, had x-rays made of plaintiff's face, and was of the opinion he had received a blow to his right cheekbone, which resulted in a fracture to said cheekbone. He also suffered a nerve injury which left one side of his face numb and the sinuses were involved. Dr. Littell stated that plaintiff complained of headaches, and he also prescribed glasses since he found that plaintiff had astigmatism and prebyopia. Plaintiff was seen at various times between December 8, 1953, and date discharged, July 9, 1955. He was not seen again by Dr. Littell until February 17, 1956, which was a few days prior to the trial in this case, which commenced February 20, 1956, and lasted two days. On the visit of February 17, 1956, Dr. Littell was of the opinion that plaintiff was suffering from chronic sinusitis. Plaintiff's main complaint was that the attacks of sinusitis caused him severe headaches and that he was unable to perform work while in that condition.
Counsel for defendants takes the position that at best plaintiff's claim is one for partial temporary disability only, and the award for partial disability must be for 65 per cent of the difference between what plaintiff was earning at the time of the accident and what he is able to earn after the accident, citing Barentine v. W. R. Aldrich and Co. (La.App., 1 Cir., 1945) 20 So.2d 635. The Barentine case, supra, holding was based on a previous decision of the Court of Appeal, First Circuit, in the case of Washington v. Holmes & Barnes (La. App., 1 Cir., 1941), 4 So.2d 51. In Morgan v. American Bitumuls Co. (1950), 217 La. 968, 47 So.2d 739, in the concurring opinion of Justice McCaleb, he criticized the holding *798 in the case of Washington v. Holmes & Barnes, supra. The concurring opinion of Justice McCaleb in Morgan v. American Bitumuls, supra, was adopted by the Supreme Court in Brannon v. Zurich General Accident & Liability Ins. Co. (1953), 224 La. 161, 69 So.2d 1, 3.
In the case of Brannon v. Zurich General Accident and Liability Ins. Co., supra, the court said:
"* * * The law does not expect, and it does not contemplate, that a worker, in order to make a living, must work in pain, or that he do so when it will materially increase not only the hazards to his own health and safety, but also to those of his fellow employees. This is the settled jurisprudence of all of the appellate courts of this state. * * * (Citations omitted.)"
Summarizing the testimony of Dr. Littell, plaintiff is suffering from chronic sinusitis suffered because of a crushing blow to the right portion of his face and resulting fracture of the right cheekbone. This injury occurred in the scope and course of his employment. Dr. Littell estimated that plaintiff was 50 per cent disabled at the time he discharged plaintiff on July 9, 1955. Dr. Littell testified that whenever plaintiff works it causes the blood pressure to rise and as the blood pressure increases there is an increase in the fluid in the sinus and the general metabolism in the body, consequently, if he worked a full day, he would suffer more pain than if he worked only a portion of the day.
From the evidence in the record, and the cases cited herein, this Court is of the opinion that plaintiff is totally and permanently disabled, and accordingly, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Lawrence Jagneaux, and against defendants, Alfred St. Martin and Marquette Casualty Company in solido, granting plaintiff compensation at the rate of $30.00 per week for a period of disability not to exceed 400 weeks, together with interest on each unpaid installment at the rate of five per cent per annum from the due date of each installment.
Judgment is also rendered in favor of plaintiff, Lawrence Jagneaux, and against defendants, Alfred St. Martin and Marquette Casualty Company in solido, in the sum of $350 for medical expenses incurred.
Defendants, Alfred St. Martin and Marquette Casualty Company, are to pay all costs of court in the lower court and in this court.
Reversed and rendered.