AYRES, Judge.
From a judgment awarding plaintiff compensation at the rate of $30 per week for a period of 16 weeks and $342.88 for medical expenses, defendant appealed.
The decisive question presented for determination is whether or not plaintiff sustained accidental injuries arising out of and in the course and scope of his employment and in the course of his employer’s trade, business and occupation, which is that of a wholesale dealer in oil, gasoline and building materials.
The defendant issued its workmen’s compensation insurance policy to the owner of said business and plaintiff’s employer, E. P. Dobson, doing business as the Texas Agency, located at Chestnut, Natchitoches Parish, Louisiana, in which policy classification of operations is specified as gasoline or oil dealers, including drivers, chauffeurs and their helpers. The premiums were based on the total annual remuneration of the employees. The business of the employer was shown to be that* exclusively of a wholesale distributor of oil and gasoline and of building materials and supplies.
Plaintiff’s employment consisted” of driving his employer’s delivery trucks and delivering products to his employer’s customers, who were retailers of the products sold; he was also bookkeeper and general handyman in connection with the operation of the business, and did such work as repairing and painting the gasoline pumps and buildings, and doing the mechanical work on the trucks. Plaintiff’s hours of employment were generally from 8 :00 a. m. to 5 p. m., but frequently extended beyond the usual closing time.
Plaintiff sustained an accidental injury to his foot at approximately 3:30 p. m., September 4, 1953, while performing services in taking down a fence preparatory to its *259 being rebuilt on the residence property of the employer situated some 200 yards away and across both highway and railroad tracks from the place of business. The evidence discloses that plaintiff was directed by his employer, who was his father, to assist two others in the performance of this work. That the accident occurred from which plaintiff sustained injuries while he was engaged in the performance of services not within the scope and course of his employment and not in the course of his employer’s trade, business or occupation as a wholesale dealer in gasoline and oils and building materials has been either conceded or fully established by the record. The Compensation Act, LSA-R.S. 23:1021 et seq., does not extend coverage to injured employees unless their employment is a regular part of the employer’s trade, business or occupation, or unless the employment has reference to or connection with or is incidental to or in promotion of the employer’s trade, business or occupation.
In Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112, the defendant was engaged in both the wholesale and retail paint trade. The plaintiff was employed to redecorate the building that housed both businesses. After working two days, plaintiff was injured in a fall from a scaffold. The defendant Company had never engaged in the business of contracting or paperhanging or painting houses. Its exclusive business consisted in the manufacture and sale, at wholesale and retail, of paints, varnishes and wallpaper. Plaintiff was employed to do a special job of papering. The Supreme Court held that, as plaintiff was never employed by defendant Company to work or serve in any capacity in the course of its business but as an outside workman to do a special job of paperhanging, he was not an employee of defendant entitled to receive benefits under the Workmen’s Compensation Act, regardless of whether the business in which defendant was engaged is hazardous or not.
In Brooks v. Smith, La.App., 41 So.2d 800, 801, the facts were that plaintiff, a painter and paperhanger, was employed by defendant to paper a room of a house on premises under a lease to defendant. The house was situated at the rear of the leased premises, in the front of which was located the building in which defendant conducted his trade or occupation of glazier. While performing the work he was employed to do, plaintiff sustained a fall resulting in injuries impairing his ability to work, for which he sought compensation. The material issue pertained to the question of whether the injury was sustained by plaintiff while performing services in the course of his employer’s business. In disposing of the issue thus raised, this court stated:
“We prefer to follow the principle enunciated by the Supreme Court in the Sproull case which leads us to the inescapable conclusion that plaintiff must be denied relief in view of the fact that he was not employed by the defendant to perform any work or render any service in the course of the said defendant’s business.”
In the case of Story v. Globe Indemnity Co., La.App., 61 So.2d 582, 586, a compensation proceeding was instituted by plaintiff for and on behalf of herself as widow and for the benefit of her minor daughter on account of the death of her husband, occurring in an accident while he was performing services for the defendant’s insured as a plumber, painter, carpenter and general handyman. The Court of Appeal for the First Circuit found the facts to be that the employer, Norder, had been in the plumbing business for a number of years and had recently constructed a building for use as a store in which he was to conduct a hardware business. Decedent had been in Norder’s employ several weeks before his death, performing services in the construction of the store as well as in the plumbing business. Norder owned a private camp on Amite River which had never been completed. On the morning of decedent’s death he was carried by Norder and his wife, accompanied by his mother and daughter, from the place of business in Baton Rouge to the camp. He was to perform certain work at the camp and in the course of which he sus *260 tained an accident, causing his death. The Court of Appeal held:
“In the case at bar, we fail to find a business relationship between the employer’s trade and the camp upon which the employee was to work and consequently he could not have been in the course of his employer’s business within the intendment of the compensation statute.”
On writs issued by the Supreme Court, the judgment of the Court of Appeal was affirmed, the Court holding, quoting from the syllabus:
“In proceeding to recover compensation for death of plaintiff’s husband who was employed to finish plumbing at camp and to do painting work and miscellaneous carpenter work, and who tripped and fell on steps at camp and received skull fracture, evidence did not establish that decedent was performing services arising out of and incidental to plumbing business, and therefore insurer whose policy covered only the plumbing business was not liable.” 223 La. 689, 66 So.2d 611.
LSA-R.S. 23:1035 places an employee under the protection of and entitled to the benefits of the Workmen’s Compensation Statute when injured while performing services “in the course of his employer’s trade, business, or occupation”. The tearing down of the fence at the employer’s residence was not within the contemplation of plaintiff’s employment nor did it have any connection with or arise in the course of the operation of the wholesale oil, gas and building material business. Plaintiff at the time of the injury was not engaged in a matter having any connection whatsoever with the business operations of his employer and the provisions of defendant’s policy did not cover the operation in which plaintiff was engaged at the time of the injury. Plaintiff was injured when he was directed by his father as his employer to assist in rebuilding a fence at his private residence. Such work was not a part of the employer’s trade, business or occupation and was not included in plaintiff’s employment or covered by defendant’s compensation policy.
The burden is upon plaintiff to show that the injury sustained arose out of and in the scope of his employment as well as in the course of his employer’s trade, business or occupation. He has not only failed to sustain his burden of proof but, on the contrary, the evidence establishes that the work plaintiff was performing at the time of his injury was neither in the course and scope of his employment nor in the course of his employer’s business.
The judgment of the district court awarding plaintiff compensation is, therefore, erroneous and will be reversed.
For the reasons assigned, the judgment appealed from is annulled, avoided, reversed and set aside and there is now judgment in defendant’s favor, rejecting plaintiff’s demands at his costs.
Reversed.