84 So.2d 210

Roland DOBSON

v.

**STANDARD ACCIDENT INSURANCE
COMPANY.**

No. 42322.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee and relator.

Cook, Clark, Egan, Yancey & King, Shreveport, for defendant-respondent.

McCALEB, Justice.

This is a suit for workmen's compensation arising out of an accident occurring on September 4, 1953, when plaintiff cut this foot with an axe while assisting certain laborers in removing a fence surrounding the residence of his employer. Plaintiff was totally disabled for 16 weeks and incurred medical expenses in the sum of $342.88. He seeks recovery of these ex- penses and compensation at the rate of $30 per week for the period of his disability.

At the time of the accident, plaintiff was employed as a truck driver, bookkeeper and general handyman by his father, E. P. Dobson, who is engaged in the wholesale oil and gasoline distribution business in Chestnut, Louisiana. This enterprise is admittedly hazardous within the meaning of the Workmen's Compensation Law, R.S. 23:1035, and the defendant insurance carrier issued to Mr. Dobson its policy covering his legal liability for workmen's compensation to all of his employees.

The insurer, sole defendant in this suit, does not deny the accident, ensuing injuries, the expense incurred and that plaintiff was an employee covered by the provisions of the Workmen's Compensation Statute. It resists liability on the ground that, since plaintiff was injured while engaged in the demolition of a fence around his father's private residence, the accident did not arise out of and in the course of his employer's trade, business or occupation. Alternatively, it asserts that, even if plaintiff's father-employer were responsible for workmen's compensation, the claim herein is not covered by its policy. And, again alternatively, it contends that no compensation is due because plaintiff collected his wages from his father-employer during the period of his disability and that the amounts received were gratuities which are to be regarded as compensation payments under the jurisprudence.

In the district court, there was judgment for plaintiff as prayed for but on appeal the decision was reversed, the Court of Appeal ruling that the accident did not arise out of plaintiff's employment in the wholesale oil and gasoline distribution business. See La. App., 78 So.2d 258. We granted certiorari believing this holding to be inconsistent with the decision of this court in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 20.

 In order to entitle an employee to workmen's compensation, it is essential, under R.S. 23:1035, that the injuries be sustained while he is "performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation * * *". The accident in the instant case was in the course of plaintiff's employment as it happened during his usual hours of work. It remains, then, only to ascertain whether it arose out of the employment.

In Kern v. Southport Mill, supra, plaintiff, who was employed by the defendant corporation as a pipe fitter, was directed by his superior during the course of his employment to go to the residence of one of the mill's officers to perform services for the latter. After completion of these tasks and, while returning to the mill, Kern was struck and injured by an automobile. In his suit for recovery of compensation, the question for decision, as here, was whether Kern was performing services arising out of his employment at the time of the accident. The answer was in the affirmative, the court reasoning that:

"Services 'arise out of' and are 'incidental to' an employment, whenever the employment calls for just such services. *And whenever the employer calls upon the employee to render any particular service, he, at least (that is to say, the employer himself), is in no position any longer to deny that the services thus requested arise out of and are incidental to the employment. Otherwise, by what right has the employee been called upon to perform them?*

"Accordingly, the question whether or not the services being rendered by the employee, at the time when he is injured, arise out of and are incidental to his employment, *cannot be raised when the employee has been given special instructions to perform the particular services in which he was engaged at the time he was injured,* but only when the employee has undertaken such service on his own initiative as being actually or presumably within the scope of his duties." (Emphasis ours.)

It is manifest that the above-stated principle controls the case at bar [1] and it fol-

---

[1] The Court of Appeal in a Per Curiam opinion on an application for a rehearing attemped, unsuccessfully we think, to differentiate the Kern case from this one and also intimated that that decision might be in conflict with our recent holding in Story v. Globe Indemnity Co., 223 La. 689, 66 So.2d 611. Suffice it to say

...

lows that, had this suit been brought against plaintiff's father-employer, he would not have been in a position to assert that the services rendered by his son at his request were disconnected from and not incidental to the employment.

■ ■Counsel for the insurance company would have us make a distinction between this and the Kern case on the basis of plaintiff's employment by his father, it being contended that the filial relationship affords a predicate for denying responsibility. Cases from other States are cited to support the proposition.[2]

A reading of these authorities will reveal that they are in direct conflict with the views expressed by this Court in the Kern case. Furthermore, we find nothing in our compensation law which would authorize us in discriminating against plaintiff in this case because his employer happened to be his father.

■ Defendant urges that, even though plaintiff's father-employer is liable for compensation, it nonetheless is not responsible because the coverage of its policy extends only to the activities of the assured in the wholesale oil and gasoline business.

This contention, which was also upheld by the Court of Appeal, is not well founded. The policy provides that the insurer

"*Does Hereby Agree* with this Employer, * * * as respects personal injuries sustained by employees, * * * as follows:

"*Compensation* * * * *One (a).* To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, * * * each of which statutes is herein referred to as the Workmen's Compensation Law, * * *".

The foregoing clause fixes the liability of defendant to plaintiff in clear and explicit language, providing that the insurer contracts to pay to the injured employee the compensation due such employee "because of the obligation for compensation for any

---

that the facts of this and the Kern case bear little resemblance to those appearing in the Story case, where we expressed doubt that the deceased was ever hired to perform services for the employer in his regular business. It was not a case, as here, where the employee was ordered

during working hours to do a task beyond his normal duties in his employer's business.

2. Elliott v. Elliott Bros., 165 Tenn. 23, 52 S.W.2d 144 and Thompson v. George E. Thompson & Co., 189 Minn. 547, 270 N. W. 594.

such injury imposed upon * * *" the employer (assured) by the Workmen's Compensation Law.

Finally, defendant contends that, since the record shows that plaintiff's father-employer continued his wages during the period of his disability, it is not liable for compensation because it is well established that, where the employer pays to an injured employee wages which are in the nature of a gratuity or beneficence, such wages will be considered as payments of compensation.

Plaintiff and his father readily admitted that the former received his salary during the sixteen weeks he was disabled but they denied that it was paid as wages. They testified that the money was advanced as a loan by the father to plaintiff, who was without funds to support his family during the period that he was incapacitated.

By his award of compensation, the trial judge was evidently satisfied with the explanation given by plaintiff and his father.[3] A review of the record does not disclose error in his resolution on this question of fact.

The judgment of the Court of Appeal is set aside and annulled and it is now ordered that the judgment of the District Court be affirmed and reinstated. Defendant is to pay all costs.

3. The Court of Appeal did not consider this phase of the case in view of its ruling that the injury was not compensable.