HAWTHORNE, Justice.
 

 
 *1054
 
 Edward Brown instituted this suit against Hartford Accident & Indemnity Company, workmen’s compensation insurer of his employer, Melvin W. Mathes, owner and operator of a bookbindery under the name of John E. Mathes. Plaintiff prayed for compensation at the rate of $35 a week from November 18, 1955, for an alleged total and permanent disability, less credit for compensation already paid.
 
 [1]
 
 The lower court denied recovery, and the Court of Appeal affirmed the judgment. See 109 So.2d 811. This court granted certiorari.
 

 It is conceded that the bookbindery business is hazardous within the meaning of the Workmen’s Compensation Law, and there is not much dispute as to the facts connected with the accident.
 

 For many years plaintiff had been employed as a porter and handyman at the bookbindery. His duties required him, among other things, to take stock to the second and third floors and put it in place or take it to a machine to be cut, and to make outside deliveries. On occasions he had to move bundles of manila paper weighing 150 pounds or more. Melvin W. Mathes, proprietor and manager of the bookbindery, owned several pieces of rental real estate in New Orleans from which he received a monthly income. Mathes conceded that Brown from time to time did odd jobs for him on some of his rental properties, such as fixing steps, cleaning out drains, etc. Three or four days before the accident Brown was
 
 instructed
 
 by Mathes, his employer, to go and assist in repairing a building which Mathes owned, in which he lived, and which also contained a rented apartment. While Brown was engaged in ripping rotten weatherboarding from this building, a ladder on which he was working slipped, and he fell and fractured the bone of his right heel. During the time Brown was engaged in repairing the building, he was working the same hours as he usually worked in the bookbindery as porter and handyman, and he was on the bookbindery’s payroll during this time. In other words, instead of reporting to the bookbindery to perform his customary duties there, he was to put in his time repairing the outside of Mathes’ residence.
 

 The judgment of the district court denying plaintiff compensation was affirmed by the Court of Appeal on the theory that Mathes had two businesses—the bookbindery and the renting of dwelling units; that the repair of Mathes’ home, which contained a unit renting for $25 a month, was not the regular “trade, business, or occupation” of the employer, and that hence Brown was not entitled to compensation. Otherwise stated, the Court of Appeal held in this case that Brown was not entitled to
 
 *1056
 
 compensation because he was injured while repairing Mathes’ rental property, and Mathes did not repair property as a business.
 

 We cannot accept the Court of Appeal’s theory here, for in our opinion this case is controlled by the decision of this court in Kern v. Southport Mill, 174 La. 432, 141 So. 19, followed in Dobson v. Standard Accident Insurance Co., 228 La. 837, 84 So.2d 210; see also Humphreys v. Marquette Casualty Co. (on rehearing), 235 La. 355, 103 So.2d 895.
 

 In Dobson v. Standard Accident Insurance Co., supra, the plaintiff cut his foot with an ax while assisting in removing a fence surrounding his employer’s residence. At the time of the accident plaintiff was employed as a truck driver, bookkeeper, and handyman by his father, E. P. Dobson, whose business was admittedly hazardous within the meaning of the Workmen’s Compensation Law. The employer’s in-' surer resisted liability on the ground that plaintiff was injured while engaged in the demolition of a fence around his father's private residence, and that hence the accident did not arise out of and in the course of his employer’s trade, business, or occupation. In the opinion in that case this court quoted the following language from the Kern case, supra [228 La. 837, 84 So. 2d 212]:
 

 “ 'Services “arise out of” and are “incidental to” an employment, whenever the employment calls for just such services.
 
 And whenever the employer calls upon the employee to render any particular service, he, at least (that is to say, the employer himself), is in no position any longer to deny that the services thus requested arise out of and are incidental to the employment. Otherwise, by what right has the employee been called upon to perform them?-
 

 “ ‘Accordingly, the question whether or not the services being rendered by the employee, at the time when he is injured, arise out of and are incidental to his employment,
 
 cannot be raised when the employee has been given special instructions to perform the particular services in which he was engaged at the time he was injured,
 
 but only when the employee has undertaken such service on his own initiative as. being actually or presumably within the scope of his duties.’ (Emphasis ours.)”
 

 As we view the instant case, the accident in which plaintiff was injured occurred during the hours he usually worked at the bookbindery and in the course of his employment for the bookbindery; and since he had been requested or instructed by his employer to perform the work which he was doing at the time of the accident, the employer cannot now be heard to say that the services thus requested did not arise
 
 *1058
 
 out of, and were not incidental to, plaintiff’s employment at the bookbindery, a business concededly hazardous within the meaning of the compensation law.
 

 It is plaintiff’s theory of the case, which we likewise do not accept, that Mathes was engaged in two businesses, the bookbindery business and the business of owning, maintaining, and renting apartment buildings; that at the time of the accident plaintiff was employed in the latter 'business as a carpenter at $1.50 an hour; that this business is hazardous, and that as a result of the accident he was totally and permanently disabled from performing work as a carpenter. In rejecting plaintiff’s theory it is necessary only for us to note that he has not proven that he was in the employ of Mathes’ real estate business when he was injured. It is therefore not necessary for us to discuss plaintiff’s theory of the case.
 

 We think it has been clearly established that at the time of the accident plaintiff was an employee of the bookbindery business at a weekly salary of $29.-75. If the term “porter” implies only a man who cleans the premises, Brown’s duties at the bookbindery made him more than a porter. According to the evidence, the injury which resulted from the accident prevents him from carrying heavy objects for a long period of time or over an area which is not smooth, and he cannot perform work on an uneven surface for any length of time. After the accident his foot was so deformed that he could no longer do prolonged walking or standing without pain, could not do prolonged lifting or work for any time on an uneven surface, and could not climb stairs, curbs, or ladders for any period of time. Consequently, in our view he is no longer able to perform work of the same or a similar character as he was accustomed to perform before his injury, and accordingly he is entitled to compensation for permanent and total disability, to be computed on the basis of his weekly salary of $29.75.
 

 For the reasons assigned the judgment of the Court of Appeal affirming the judgment of the district court is reversed and set aside, and it is now ordered that plaintiff be paid compensation of $19.34 a week during the period of his disability, not beyond 400 weeks, subject to a credit for compensation previously paid. Defendant-respondent is to pay all costs.
 
 *
 

 VIOSCA, J., recused.
 

 [1]
 

 . The insurer paid Brown compensation of $19.34 a week from the date of the accident, November 18, 1955, until January 4, 1957.
 

 *
 

 On joint motion to remand, the court entered the following order:
 

 “The foregoing considered:
 

 The application for rehearing is deemed abandoned and It Is Ordered that this suit be, and the same is hereby remanded to the Civil District Court for the Parish of Orleans, Division “D”, Honorable René A. Viosca, Judge, for the sole purpose of submitting to said judge the compromise settlement agreed upon by the parties hereto.”