TATE, Judge
(dissenting).
The writer respectfully dissents. The majority has reversed a trial court judgment awarding workmen’s compensation to a plaintiff who is admittedly totally and permanently disabled as the result of an accident in the course of his employment for the defendants. I think the majority erred as a matter of law.
I do not disagree with the majority’s statement of the facts. However, in my opinion, the majority has overlooked that, in any realistic sense, the plaintiff’s employment with the defendants was not a series of separate part-time jobs working for different non-related employers. The plaintiff’s work, rather, was in a single employment, including both hazardous and non-hazardous duties, where he was shifted about at will by his employers as they needed him in the various entities of what was operated as a single economic enterprise.
Under the well-settled jurisprudence, the disabled plaintiff is entitled to workmen’s compensation benefits when injured in any of the activities of this single employment, a substantial portion of the duties of which involved the performance of hazardous work within the coverage of the Louisiana workmen’s compensation act. See Byas v. Hotel Bentley, 17 La. 1030, 103 So. 303, and the subsequent jurisprudence. The disability arose out of his compensable employment, as, at the time of the accident, he was performing services at the request of his compensation-act covered employers, even though the services themselves at the time of the accident might temporarily have been in non-business activities or otherwise not covered by the compensation act. Dobson v. Standard Accident Ins. Co., 228 La. 837, 84 So.2d 210.
To recapitulate the facts:
The heirs of the late Adraste Landreneau continued the operation of his cotton gins, his farming activites, and the maintenance of the rental properties in the same manner as they were conducted by him prior to his death. Although for tax and other reasons the cotton gins were incorporated, whereas the other activities were to be continued as a partnership, nevertheless, as the uncontradicted testimony reveals, the economic operations were continued by the heirs as a single economic operation of the Adraste Landreneau estate, with the same heirs managing all of the activities, with the employees interchangeably used to perform services for one aspect or another of the enterprises, and in the same manner as the estate enterprises had been conducted by Mr. Adraste Landreneau as a single entity before his death.
The plaintiff, who had worked for Mr. Landreneau a few years before, was hired shortly after the latter’s death primarily in order to obtain his services to operate one of the estate gins. However, in order to obtain his full-time services in that capacity during the ginning season of August-November (and during the gin-repair time *835 commencing each June 1st prior to the ginning season), the heirs also agreed to hire the plaintiff full-time throughout the year, so as to use his services in various other aspects of their various economic operations at times when the gin did not require his presence there. Nevertheless, the plaintiff’s work was in a single employment by the Adraste Landreneau estate and related enterprises, with the plaintiff being paid the same wages at whatever duties he worked, subject to control and direction by the same heir-managers, and subject to assignment interchangeably between the heir-operations as designated by the heir-managers. This is, for example, illustrated by the payroll treatment: At the time of the present accident, the plaintiff was operating the gin one day a week (since it was at the end of the season), but working for other estate activities for another five days of the week; but he was paid by only one single check for all his wages earned both while working at the cotton gin and also at his other estate duties, including the reconstruction work in which engaged at the time of the accident. (Likewise, for instance, although he worked full-time on repair activities at the gin during most of June and July of the year, he received his check during those months from the partnership rather than from gin corporation funds.)
The situation should thus be regarded as one in which a substantial portion of the duties of the plaintiff’s total occupation involved hazardous work at the gin, as well as in recurrent repair activities also classified as hazardous by the compensation act (to which I shall advert shortly). The plaintiff therefore should not be denied compensation simply because his injury was sustained while working for another (possibly non-covered) feature of the economic enterprise, for which the plaintiff performed substantial work in economic activities covered by the Louisiana compensation act as a result of the plaintiff’s single employment contract with the estate heirs.
The majority, however, apparently felt that the plaintiff’s occupation was not covered simply because he was performing repair or construction work for the defendants’ rental enterprises. In so holding, the majority relies upon jurisprudence which holds isolated and non-recurrent repair work not to be a part of an otherwise non-hazardous rental business. See Comment, Workmen’s Compensation: The Coverage of Incidental Repairs, 11 Loyola Law Review 278 (1963). To me, this holding of the majority overlooks that the repair work for the defendants’ rental houses and other buildings in the present case, was a substantial and regularly recurrent feature of their business enterprises. Such repair and reconstruction work is itself classified as hazardous by the compensation act. The substantial and recurring nature of the repair activities is made manifest by the circumstance, among others, that, because of the regular recurrence of such maintenance of the Landreneau non-gin properties, involving over one thousand dollars of wages annually, the defendants’ compensation liability insurance policy and premiums were specifically endorsed so as to cover such recurrent repair employees, with premiums being assessed and paid upon the basis of such wages, including upon those paid to the plaintiff for his maintenance and other non-gin activities during his two and a half years of employment with the heirs preceding the accident.
Under these circumstances, the recurrent and substantial repair and construction maintenance activities of the defendants’ enterprises themselves constituted a hazardous feature of their rental business, so that employees engaged therein, or at least those regularly exposed to such hazardous construction feature of the business, were covered by the workmen’s compensation act and were entitled to compensation, particularly when injured as a direct result of their being engaged in repair work at the time of the accident. Landry v. Fuselier, 230 La. 271, 80 So.2d 218, 221; Troquille v. Lacaze’s Estate, La.App. 2 Cir., 59 So.2d 505 (compensation rate increased, 222 La. 611, 63 So.2d 139).
*836 Since I believe the plaintiff was engaged in a single employment although for different entities thereof, it is unnecessary for me to discuss the possible application of the borrowed employee cases, which hold that an employee interchangeably used by two different employers may nevertheless be entitled to recover workmen’s compensation from both in solido (even though as between one another the employers might be able to shift the ultimate liability onto one or the other). See Humphreys v. Marquette Casualty Co., 235 La. 335, 103 So.2d 895.
Before concluding, I should also note that the insurance policy issued by the defendant insurer clearly was intended to cover all of the employees of the former Adraste Landreneau enterprises, whether engaged in the ginning or in carpentry or repair maintenance operations. The policy itself makes it clear that it is intended to cover any of the liability in compensation of the insureds (which included in intent, not only the gin company, but also the repair maintenance and residence carpentry operations of the estate and its heirs), unless such were specifically excluded by the insurance contract. Not only were no exclusions listed, but premiums were assessed and paid on the basis of the entire payroll of all the enterprises, including the recurrent residence carpentry activities. A similar policy coverage was construed by our Supreme Court in Dobson v. Standard Accident Ins. Co., 228 La. 837, 84 So.2d 210, and the Supreme Court held that such a policy did cover all compensation liabilities. (Further, the fact that Item 4, classifications, listed only gin and farm operations is immaterial: (a) since the only purpose of such listing was to fix the compensation rates; (b) since therein it is specifically stated that entries in such column did not modify any other provisions of the policy; and (c) since the correspondence explaining the classifications in Item 4 specifically indicates that such was intended to include repair maintenance and residence carpentry.)
For the foregoing reasons, I respectfully dissent from the opinion of my esteemed brethren of the majority.