SAVOY, Judge.
From a judgment of the district court denying his claim for workmen’s compensation benefits, plaintiff has appealed de-volutively contending that the district court erred in finding that he was not within the course and scope of his employment at the time he received certain injuries which form the basis of this suit.
Although this action was initially brought against Farm Storage & Equipment, Inc. and Century Insurance Company as the insurer of Farm Storage, it was stipulated upon the trial of the case that Hardware Mutual Casualty Company was the workmen’s compensation insurer for Farm Storage and Century Insurance Company was released from the suit. It was also stipulated that plaintiff was an employee of Farm Storage, and that the work involved was of a hazardous nature.
Plaintiff, who was a service man subject to call at all times, reported to work at his employer’s premises at approximately 7:00 A.M. on December 24, 1968, in his company truck furnished by his employer. Soon thereafter plaintiff was sent to Iota with two fellow workers, Darrell Broussard and Harvey Brasseaux, to perform service work on some storage bins, the three of them returning to the premises of their employer at approximately 10:00 A.M. Upon their arrival they found a Christmas Eve party in progress which had been authorized by Mr. Cowen, a part owner, with the understanding that the men’s time would stop at 10:00 A.M. Plaintiff joined the party in the warehouse which was in progress and drank some whiskey from the several fifths of whiskey purchased by the employees. The party terminated at 11:00 A.M., and all of the employees left except plaintiff who went to the front office to borrow $50.00 from Mr. Cowen. At this time, Mr. DuPont, another part owner of Farm Storage, asked plaintiff to get some ice for the men in the front office to have a drink. After plaintiff obtained a key to the warehouse he left to get some ice. When he did not return after some passage of time, Mr. Charles Mayer went to look for him at which time he found plaintiff lying in the warehouse at the base of some stairs leading to the second floor of the warehouse with a bucket spout across his chest. Mr. Mayer and Mr. Cowen then took plaintiff to his home.
If the accident had occurred while plaintiff was obtaining the ice for his employer, an argument could be made that the injuries are compensable. See Dobson v. Standard Accident Insurance Company, 228 La. 837, 84 So.2d 210 (1955); and cases cited therein. However, in the instant case, the record reveals that plaintiff at the time of his injury had deviated from *884 the mission on which he was sent and was on a purely personal mission of his own, i. e., he was going to the second floor of the warehouse to steal bucket spouts.
Plaintiff testified that he looked on the first floor of the warehouse where the party had been held but could find no ice. Afterwards he attempted to go upstairs to see if the ice had been taken there, at which time he slipped on the stairs and fell injuring himself rather severely and causing his hospitalization for over one month. He could offer no explanation as to how a bucket spout had come to rest upon his body at the base of the stairs. He testified at the time of the trial that he did not know where the bucket spouts were kept in the warehouse although in an earlier deposition he admitted the bucket spouts were kept on the second floor of the warehouse. Upon cross-examination he admitted that he had been previously convicted of theft.
Mr. Percy Castille was called by plaintiff upon cross-examination. He testified that the men decided to quit working around 10:00 A.M., and they pitched in and bought some whiskey. He said that of the three fifths made available for the party all of the men drank two of the three fifths, and that he and plaintiff drank the third fifth by themselves after the others had left. He further testified that plaintiff asked him if he wanted to make $100.-00 selling bucket spouts, but that the matter was dropped when he answered negatively.
Mr. Charles Mayer testified for defendants, and said that he was employed as a salesman for Farm Storage at the time of the accident and also at the time of the trial. He said after the party began breaking up he saw Mr. Castille and plaintiff drinking, with plaintiff “chug-a-lugging” from the bottle, at which time he suggested they stop drinking and close for the day. He further testified that when he found plaintiff there was a set of bucket spouts lying across plaintiff’s body.
We hold that the accident occurred while plaintiff was in the process of performing a purely personal mission, and thus not covered under the workmen’s compensation laws.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.