AYRES, Judge.
Plaintiff, Albert Jackson, Jr., instituted this action for benefits under the workmen’s compensation statute for total and permanent disability and to recover medical expenses incurred in the treatment of injuries sustained in an accident which occurred on November 20, 1970, while he was employed as a common laborer by defendant, Harry S. Lawler, Sr. In addition, plaintiff seeks to recover penalties and attorney’s fees based on defendant’s alleged arbitrary and capricious refusal to pay compensation.
From an adverse judgment, plaintiff appealed.
The accident occurred on property owned by Camille Despot for whom defendant, Lawler, had contracted to erect a sea wall on the shoreline of Cross Lake. On November 20, 1970, at approximately 4:00 p.m., after work for Mr. Despot had been completed, plaintiff and defendant were preparing to leave the premises in defendant’s truck pursuant to defendant’s custom to transport plaintiff to a bus stop after completion of the day’s work. In order to leave, it was necessary that they pass through several gates in fences which divided the property, one section of which was used as a lot for horses owned by the Despots. The work required that the horses be moved from the lot in which they were normally kept to another lot. On the day on which the accident occurred, defendant decided that, as a friendly and helpful gesture to the Despots, he would return the horses to their usual lot whereupon he requested plaintiff to aid him in the task. Defendant parked his truck very close to the right side of one of the gateways. This increased the space to the left of the truck through which one of the horses escaped. Defendant instructed plaintiff to watch the remaining two horses while he drove to and closed the front gate to prevent the escape of the unruly horse onto the roadway. However, plaintiff boarded defendant’s truck on the right side and stood on the running board. As defendant moved his truck forward, plaintiff’s left leg became pinned between the truck and the gatepost. As a result, plaintiff suffered a fractured fibula and tibula of his left leg.
On December 2, 1970, while his doctor was changing the cast in which plaintiff’s leg was encased, plaintiff suffered a heart attack which his doctor, Dr. Don K. Jof-frion, ah orthopedic surgeon, attributed to plaintiff’s fright at having the cast changed.
The trial court took note of a statement of plaintiff’s counsel that this was not a *858 case of an employer transporting an employee to and from work and denied plaintiff’s demands on finding that plaintiff was not acting within the course and scope of his employment at the time of his injury. Even though defendant had asked plaintiff to assist him in moving the horses, the trial court determined that this was not a part of defendant’s work for Despot which had been completed. This extra work, in the court’s opinion, was merely an act of accommodation. It was therefore held that plaintiff was not entitled to recover workmen’s compensation for injuries sustained during the performance of these extra services.
Plaintiff contends that the trial court erred in failing to find plaintiff was within the course and scope of his employment at the time of the accident. Another issue relates to the nature and extent of plaintiff’s disability.
We are of the opinion the trial court erred in finding that plaintiff was not within the course and scope of his employment at the time of his injury. Through his own testimony and that of the defendant, it is made very clear that plaintiff undertook to aid in moving the horses at the instruction of his employer. The Supreme Court has held that when an employee is injured while performing work at the instruction of his employer, the employer cannot deny that the injury occurred during the course and scope of his employment. For instance, in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 20-21 (1932), the court stated:
“Services ‘arise out of’ and are ‘incidental to’ an employment, whenever the employment calls for just such services. And whenever the employer calls upon the employee to render any particular service, he, at least (that is to say, the employer himself), is in no position any longer to deny that the services thus requested arise out of and are incidental to the employment. Otherwise, by what right has the employee been called upon to perform them ?
“Accordingly, the question whether or not the services being rendered by the employee, at the time when he is injured, arise out of and are incidental to his employment, cannot be raised when the employee has been given special instructions to perform the particular services in which he was engaged at the time he was injured, but only when the employee has undertaken such service on his own initiative as being actually or presumably within the scope of his duties.” (Emphasis ours.)
See :
Dobson v. Standard Accident Insurance Company, 228 La. 837, 84 So.2d 210, 212 (1955);
Brown v. Hartford Accident & Indemnity Co., 240 La. 1051, 126 So.2d 768, 769-770 (1960).
In the Dobson case, supra, Dobson was instructed to leave the place of his employment and go to the employer’s residence and there remove a fence. While so doing, he was injured. In accordance with pronouncements in the Kern v. Southport Mill case, supra, recovery of compensation was allowed. The same principles are applicable to the facts of the instant case.
The facts in the instant case, that the work on the sea wall had been completed and that the two, plaintiff and defendant, were making preparations to leave the premises, do not result in plaintiff’s being without the course and scope of his employment. The Supreme Court, through Justice McCaleb, in Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966), pointed out the well-settled rule that the workmen’s compensation statute extends coverage to employees from the time they reach their employers’ premises until they depart, and includes the hours of work plus a reason *859 able time for employees to come and go. In support of this proposition, there was quoted from Malone, Workmen’s Compensation Law and Practice, Section 169, p. 193:
“ ‘The observation has been made in previous sections that an employee is acting in the course of his employment while he is actually engaged in his employer’s work even before or after working hours. Furthermore, even if he is [sic] finished the day’s work and is preparing to leave, or is in the act of leaving, he in [sic] entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances.’ (Emphasis ours).”
193 So.2d at 261.
At the time of his injury, plaintiff was acting under the instructions of his employer. It matters not whether the employee was on the premises or doing something for which he was not initially employed, or whether what he was then doing was hazardous. See:
Kern v. Southport Mill, supra.
The remaining issue is whether or not the evidence is sufficient to show that plaintiff was totally and permanently disabled. In essence, plaintiff asserted that his broken leg occurred during the course and scope of his employment; that his heart attack, occurring during and because of the changing of his cast, left him with a totally and permanently disabling heart condition.
The evidence contained in the record is insufficient to support a finding that plaintiff’s injury left him totally and permanently disabled. The testimony of Doctor Joffrion, who treated plaintiff’s fracture, indicated that the heart attack plaintiff suffered while his cast was being changed was a result of his fear at having the cast changed. However, he stated that he had no knowledge of plaintiff’s heart condition at the time of the trial.
It appears appropriate to mention that no expert testimony was adduced with respect to whether plaintiff actually sustained a heart attack or, if so, what disabling effect it had or its nature, extent, or duration.
Furthermore, the doctor was of the opinion that plaintiff suffered no residual disability or, at most, a possible 5% disability in his left leg when he was discharged from the doctor’s care on August 6, 1971. Therefore, we conclude that plaintiff is entitled to compensation benefits of $49.00 per week only for the period from November 20, 1970, the date of his injury, to August 6, 1971, when plaintiff was discharged by his doctor.
There does not appear to be any question as to plaintiff’s hospital and medical expenses.
There is no merit in plaintiff’s claim for penalties and attorney’s fees; there was no showing that defendant’s refusal to pay was arbitrary, capricious, or without probable cause as required by LSA-R.S. 23:1201.2.
For the reasons above assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, Albert Jackson, Jr., and against defendant, Harry S. Lawler, Sr., for the full sum and weekly compensation of $49.00 for the period beginning November 20, 1970, and ending August 6, 1971, with legal interest on each weekly installment from its maturity until paid, and for the further and other sum of $760.20 as medical expenses, with legal interest thereon from judicial demand, and all costs, including the cost of this appeal.
*860 It is further ordered that plaintiff’s attorney’s fees be, and they are, fixed at the maximum statutory rate, that is, at 20% of the first $5,000.00 or any fractional part thereof collected under this judgment and 10% of any amount collected in excess thereof.
Reversed and rendered.