350 So.2d 179 (1977)
Fred ALEXANDER
v.
Charles REED et al.
No. 11220.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
On Rehearing May 9, 1977.
Writ Refused June 14, 1977.
*180 Donald R. Smith, Baton Rouge, and Jack A. Williams, Metairie, for plaintiff-appellant.
James L. Donovan, New Orleans, for defendants-appellees, Carol Realty Co., and Federal Ins.
James H. Drury, New Orleans, for defendants-appellees, Charles Reed, Carol Realty Corp. and American Indemnity Co.
John W. Anthony, Bogalusa, for Central Louisiana Electric Co., defendant-appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit for personal injuries, alternatively in tort and in workmen's compensation. Plaintiff has appealed from the trial court's decision that he is barred from recovery in tort by his contributory negligence and that he was not injured "in the course and scope of employment in the employer's trade, business or occupation."
Plaintiff claims the trial court committed the following errors of law:
1. In finding defendants free from negligence, or alternatively, in finding plaintiff guilty of contributory negligence;
2. In failing to apply the doctrine of res ipsa loquitur;
3. In finding that plaintiff was not engaged in the trade, business or occupation of his employer when injured.
We affirm in part, reverse in part and render.
The plaintiff was hired by Charles Reed, president of Carol Realty Corporation, to change two light bulbs at a tennis court owned by Carol Realty.
When plaintiff was unable to reach the outer bulb from below, he climbed on top of the cross bars to which the lights were attached, and by lying on the cross bar was able to reach the burned-out bulb. Because of his precarious position and darkness, plaintiff had trouble getting the new bulb into place. Mr. Reed and others on the ground tried to assist him by shining flashlights into the receptacle. There was a flash of light, and simultaneously or immediately thereafter, plaintiff received a severe electrical shock. He evidently hung on the cross bar momentarily, and then fell to the ground.
Plaintiff received second and third degree burns on his left arm, left side of his chest, right arm and right leg. He suffered fractures of the tibia and fibula of the left leg and a compression fracture of a vertebra. Plaintiff developed a myocardial infarction. Two operations were subsequently required for skin grafts.

NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE
Plaintiff claims the trial court erred in finding him guilty of contributory negligence. Actually the court seems to have found no negligence by defendants, but added that even if negligence were attributed to the defendants, plaintiff was barred from recovery by his own contributory negligence.
Plaintiff testified that something happened while he was attempting to screw in the light bulb, and he remembers nothing afterward. He asserts that the only reasonable inference to be drawn from this is that there was power in the lights, after he *181 had been assured the power was shut off. Defendants and several of their witnesses, however, said plaintiff was leaving the cross arm and preparing to descend the pole when the accident occurred.
Plaintiff admitted he was aware of the presence of live power lines about four feet above the pole. A line fuse, a protective device, was blown on the night of the accident on the line supplying electricity to the tennis court.
We believe the following quotation from Billiot v. Bourg, La., 338 So.2d 1148 (1976) to be applicable to this case:
"When as here the evidence is conflicting, an appellate court should not disturb the trier of fact's reasonable evaluation of one set of witnesses as credible, and its consequent rejection of the testimony of the opposing set of witnesses; nor should the reviewing court disturb the trier of fact's reasonable factual inferences drawn from such testimony found by it to be credible."
We can not say any manifest error has been shown.

RES IPSA LOQUITUR
In brief plaintiff attempts to invoke the doctrine of res ipsa loquitur. Res ipsa loquitur applies when the facts shown suggest the negligence of the defendant as the most plausible explanation of the injury. McCann v. Baton Rouge General Hospital, La., 276 So.2d 259 (1973). However, it does not apply when a body of direct evidence is available to explain the activity leading to the injury.
The trial court found there was evidence explaining the injury to Alexander. That plaintiff came in contact with the overhead lines is a reasonable inference from the evidence adduced. This finding makes the doctrine of res ipsa loquitur inapplicable.

WORKMEN'S COMPENSATION
The lower court found that the plaintiff was not in the course and scope of employment in the employer's trade, business or occupation when he was injured. Benefits were therefore denied under the Workmen's Compensation Act.
LSA-R.S. 23:1021(5) reads as follows:
"`Independent contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
We have no trouble in concluding that plaintiff was an independent contractor engaged substantially in manual labor. He was rendering a service to Carol Realty Corporation under a contract, albeit oral. He was under the control of defendants only as to the result of his work. We further believe that the physical elements of the work clearly prevailed over the mental, and that Alexander was engaged substantially in manual labor. See Welch v. Newport Industries, 86 So.2d 704 (La.App. 1st Cir. 1956).
We believe the lower court fell into error in denying plaintiff's compensation claim. LSA-R.S. 23:1021(5) puts an independent contractor doing substantial manual labor on the same footing as an employee. 24 La.L.R. 244.
He has to meet the test of being engaged in performing services arising out of and incidental to his employment in the course of his employer's hazardous trade, business or occupation (R.S. 23:1035), or the accident must arise out of and in the course of his employment (R.S. 23:1031), as compared to the test of the work being a part of the employer's hazardous trade, business or occupation (R.S. 23:1061). See Sam v. Deville Gin, Inc., 143 So.2d 838 (La.App. 3rd Cir. 1962), and Ludlow v. American Bank & Trust Co., 339 So.2d 478 (2nd Cir. 1976).
*182 The testimony in regard to the business of the employer is:
"Carol Realty Corporation owns this property in the area we are speaking of, approximately nine or ten houses that are all occupied by members of the immediate Favrot family."
* * * * * *
"Q. In addition to yourself, what other employees are on the payroll of Carol Realty?
A. We have a full-time caretaker and in the summertime we have a second man who assists in cutting grass and cleaning up."
We find little difficulty in holding that the replacement of light bulbs at a tennis court arose out of and in the course of plaintiff's employment and that he was performing services arising out of and incidental to his employer's trade, business or occupation. The insurance company is estopped to deny that the employment was hazardous. R.S. 23:1166.
LSA-R.S. 23:1021(5) was enacted in part to prevent an employer from evading his responsibility for compensation benefits by hiring an independent contractor to perform the regular duties of an employee. If Carol Realty Corporation had directed one of its own employees to change the light bulbs, and he had been injured while doing so, there would be no question of coverage. See Dobson v. Standard Accident Insurance Company, 228 La. 837, 84 So.2d 210 (1955).
Plaintiff is totally and permanently disabled within the meaning of the Workmen's Compensation Act. Mr. Alexander testified, without contradiction, that his back still troubles him and there are some days he can not walk without crutches. Dr. Daniel S. Sinclair, an orthopedic surgeon, testified that as of March 26, 1975, plaintiff was not able to return to work. Defendants offered no evidence to refute this claim of total and permanent disability.
The trial court found that plaintiff was hired to change two light bulbs at $5.00 apiece, for a total of $10.00. When an employee is hired to work only one day per week, compensation is based on what his wages would be for a six day work week. See Jarrell v. Travelers Insurance Co., 218 La. 531, 50 So.2d 22 (1950) and Farris v. Ducote, 293 So.2d 589 (3rd Cir. 1974), writ refused La. 295 So.2d 814. On the day this accident occurred, May 21, 1973, LSA-R.S. 23:1221(2) provided that payment for total and permanent disability would be 65% of wages for a period of 500 weeks, with a $65.00 per week maximum. On that basis of wages totalling $60.00 per week, Mr. Alexander is entitled to $39.00 per week for 500 weeks.
Plaintiff introduced records to substantiate $7,327.25 in medical payments as of the date of trial. He is entitled to recover the full amount of these expenses. LSA-R.S. 23:1203.
Finally, plaintiff urges this court to award statutory penalties and attorney's fees for arbitrary failure to pay benefits. Under the circumstances of this case, we do not believe the failure to pay benefits can be considered arbitrary.
For the above reasons, the judgment of the trial court is reversed as to Carol Realty Corporation and Federal Insurance Company. Judgment is rendered in favor of plaintiff and against defendants Carol Realty Corporation and Federal Insurance Company for 500 weeks of compensation at $39.00 per week, and all medical expenses incurred up to the statutory maximum. This award shall bear interest from the due date of each amount until paid. In all other respects the judgment is affirmed. Carol Realty Corporation and Federal Insurance are cast with all costs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
A rehearing was granted to correct the method of computation of the weekly benefits.
LSA-R.S. 23:1021(11), as it read at the time of the accident stated:
"`Wages' means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: *183 * * * (d) If the employee is employed on a unit, piecework, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by five; provided, however, that if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by five."
By making the calculations outlined in the statute, we arrive at a weekly wage of $50.00. The plaintiff is entitled to weekly compensation of $32.50. See Dykes v. North River Insurance Company, 270 So.2d 329 (1st Cir. 1972) writ refused La., 272 So.2d 375 (1973).
For the above reasons the judgment is amended on rehearing to reduce plaintiff's weekly compensation benefits from $39.00 to $32.50. In all other respects, we adhere to our original opinion.