SEXTON, Judge.
The plaintiff filed this suit against Rock-wood Insurance Company (hereinafter referred to as “Rockwood”) seeking workmen’s compensation benefits. Rockwood is the sole defendant. From a trial court judgment holding that the plaintiff was not covered by the defendant’s policy, the plaintiff now appeals. We affirm.
*157 The plaintiff was severely injured as a result of a head-on collision while operating a Ford Ranchero owned by his mother, June Owens, on September 15, 1980. The plaintiff was driving toward one of his mother’s numerous oil wells located near Oil City in Caddo Parish, in order to service it. Mr. Owens had been working for his mother primarily servicing her oil wells since 1978. He occasionally helped her haul flooring for her business called Royale Floors which she began in 1980. In addition, she had been in the decorating business since 1977. It appears that the flooring and decorating businesses were beginning to be operated as a single enterprise at about the time of the accident. None of Mrs. Owens’ businesses were incorporated and she maintained separate bank accounts for each. Plaintiff was paid out of the “Dan Owens Account” which was used solely for the oil field business. The account for the flooring company was kept in a separate bank.
The flooring business began in early 1980 when Mrs. Owens and James E. Roy, a contractor who had done business on several occasions with Mrs. Owens in her decorating capacity, determined that their mutual business interests might well be served by forming a partnership in the flooring business. As a result, Mrs. Owens applied for a workmen’s compensation policy in the name of “June Owens and James E. Roy d/b/a Royale Floors.” The policy was issued on April 17, 1980, in that name with the “classification of operations” being stated therein as “House Furnishings Installation NOC & upholstering”. The check for the policy premium was written by Mrs. Owens on the Royale Floor account. On October 8, 1980, as a result of objections by Mr. Roy’s partner in the building business, it was agreed that Mr. Roy and Mrs. Owens would no longer be partners in the flooring business, and Mr. Roy was thus removed from the policy in question by indorsement.
Subsequent to the accident the plaintiff filed this suit naming Rockwood as the sole defendant, contending that he was covered under the policy issued by Rockwood to his mother and James E. Roy d/b/a Royale Floors. The appellant asserts that the language of LSA-R.S. 23:1162, when read in light of Dobson v. Standard Accident Insurance Company, 228 La. 837, 84 So.2d 210 (La.1955), operates to extend coverage to the plaintiff under the terms of the policy sued on.
LSA-R.S. 23:1162 provides:
“A. No policy of insurance against liability arising under this Chapter shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation' that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. This agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern, and provide, further, that a contract of indemnity may be issued to an employer qualified as a self-insured under this Chapter, by which contract an insurer may undertake to indemnify such employer against loss or losses arising with respect to his obligations under this Chapter in excess of a stated or determinable amount.
B. When an employer is engaged in more than one business for the purpose of insurance against his liability under this Chapter, each separate and distinct business may be covered by separate policies.
C. All policies insuring the payment of compensation must contain a clause to the effect that as between the employee and the insurer, the notice of the insured or the knowledge of the occurrence of the injury on the part of the insured, shall be deemed to be notice or knowledge on the part of the insurer, as the case may be.
*158 D. The insurer shall be subrogated to all rights and actions which the employer is entitled to under this Chapter.” [Emphasis added]
Thus this statute requires that a worker’s compensation insurance policy cover all of the employer’s compensation liability. However, an employer who has more than one business may elect to have separate coverages, or to cover one and not the other. Leleux v. Lumbermen’s Mutual Insurance Company, 318 So.2d 15 (La.1975); Stepan v. Louisiana State Board of Education, 78 So.2d 18 (La.App.2d Cir.1955); LSA-R.S. 23:1162 B. Here, the plaintiff’s employer insured Royale Floors employees and not her oil field employees. It is manifest from the evidence that the plaintiff’s employer maintained two distinct and separate businesses. Bookkeeping was separate; the business operations and objectives of each were separate. The plaintiff was paid from accounts maintained solely for the oil field operations. These accounts were kept in a different bank than the bank in which the Royale Floors account was kept. Also, it is clear from the evidence that the insurance policy issued by Rock-wood was intended to cover only Royale Floors. The policy was specifically limited to operations involving house furnishings, installation and upholstering; Royale Floors was the name insured, and the premium, less than that required to insure oil field operations, was paid from the Royale account. Thus, the plaintiff should recover from Rockwood only if he was injured in the course and scope of his employment with Royale Floors.
The plaintiff was employed by his mother at the time of the accident to inspect and maintain oil field pumping equipment. None of his activities inured to the benefit of Royale Floors. The accident occurred while the plaintiff was driving to an oil well to service it. It is uncontradicted that the plaintiff was not performing a task related to Royale Floors operations. When injured he was engaged strictly in his mother’s oil field operations and not in any employment functions even remotely related to his mother’s flooring business.
We find that plaintiff’s reliance on Dob-son, supra, is misplaced. In that case, the employee injured himself while removing a fence surrounding his employer's residence. The task was unrelated to the employer’s business, the employer having only one distinct business. Thus, Dobson, is unlike the present case since in this case the plaintiff’s employer has two separate and distinct businesses. In Dobson, the employer could not have legally owned two separate worker’s compensation liability policies. The opposite is true in this case. Moreover, in Dobson, the employee’s activities were held to be incidental to his employment; the employer could not deny that he benefited from the services since he had specifically authorized them in connection with the employment covered by the policy in question. Mrs. Owens, on the other hand, did not instruct her son in her capacity as an owner of Royale Floors. The plaintiff performed his work as a result of general ongoing instructions from Mrs. Owens in her capacity as owner of the oil field interests. The plaintiff’s task was completely unrelated to any business objectives of Royale Floors.
We find that the policy issued by Rock-wood to cover the workmen’s compensation liability of Royale Floors does not apply to the plaintiff’s claim. A contrary result would subvert the clear and unequivocal language of the policy and would supply a coverage never intended. We, therefore, affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.