Milton Eugene **VANDIVER**, Petitioner,

v.

**CITY BUSINESS MACHINES, Own Risk,
and The Workers' Compensation
Court, Respondents.**

No. 85133.

Court of Appeals of Oklahoma,
Division No. 2.

Sept. 26, 1995.

Rehearing Denied Oct. 23, 1995.

Certiorari Denied Jan. 9, 1996.

Approved for Publication by Order
of the Supreme Court.

Lew Gravitt, Oklahoma City, for Petitioner.

Randall P. Jackson, James C. Ferguson, Walker, Ferguson & Ferguson, Oklahoma City, for Respondents.

### MEMORANDUM OPINION

TAYLOR, Presiding Judge.

Milton Eugene Vandiver (Claimant) seeks review of the workers' compensation court three-judge panel's order reversing the trial court's order that awarded Claimant compensation as a result of a work-related injury to his neck. This court, having examined the record on appeal and the applicable law, vacates the order of the three-judge panel and reinstates the order of the trial court.

The essential and undisputed facts are that Claimant, age 40, was employed by City Business Machines (CBM) since November 1991 as a field search technician at a weekly salary of $350. Craig Scott (Scott) managed CBM and was Claimant's supervisor. Scott's father owned CBM and Tulsa Business Machines. Scott had purchased a new residence and on four or five occasions sent Claimant to do some remodeling of the garage and install electric outlets. On March 2, 1992, Scott sent Claimant to his residence to do some electrical work in the garage. While working on the electrical outlets, Claimant reached into an outlet over the work bench, mistakenly thinking the outlet was dead. The outlet was live, however. The shock knocked Claimant backwards, and he struck a sawhorse with the back of his neck. The next day, Claimant told Scott what happened.

Claimant testified that after the accident he had severe headaches and neck pain. He continued to work until February 15, 1993. On February 22, 1993, Claimant filed a Form 3. The trial court entered an order July 7, 1994, finding that Claimant had sustained a personal injury to his neck arising out of and in the course of his employment and awarding Claimant permanent partial disability.

Employer filed a timely appeal to the appellate panel. On February 6, 1995, the three-judge panel entered a unanimous order finding that the trial court's order was

against the clear weight of the evidence and contrary to law. It vacated the trial court's order, finding that Claimant's injury did not arise out of and in the course of his employment, and denying Claimant compensation. It is from this order that Claimant appeals, contending that the decision of the appellate panel was not supported by competent evidence and is contrary to law.

The issue of whether an injury was incurred on the job, when the employee was injured while doing work directed by a person in authority for the employer's private benefit, presents an issue of first impression in Oklahoma. The general rule followed by the vast majority of jurisdictions favors compensability for employees who have been directed, by a person in authority, to do some work outside the employee's normal duties for the private benefit of the person directing the work to be done. 1A Larson, *The Law of Worker's Compensation* § 27.44 (1995). *See also Wilson & Co. Inc. v. Curry,* 259 Ala. 685, 68 So.2d 548 (1953); *Brown v. Hartford Accident & Indem. Co.,* 240 La. 1051, 126 So.2d 768 (1960). Further, the language "out of and in the course of employment," must, like the rest of the Workers' Compensation Act, be liberally construed in favor of the employee. *Wal–Mart Stores, Inc. v. Switch,* 878 P.2d 357 (Okla.1994).

Our examination of the record reflects that there is not competent evidence to support the three-judge panel's finding that the Claimant did not suffer an accidental injury arising out of and in the course of his employment and in denying compensation, and that the panel's determination is contrary to law.

THE THREE–JUDGE PANEL'S ORDER IS THEREFORE VACATED AND THE TRIAL COURT'S ORDER IS REINSTATED.

BOUDREAU and REIF, JJ., concur.